THE STATE, EX REL. MIAMI VALLEY BROADCASTING
CORPORATION ET AL., *v.* KESSLER, JUDGE.

(No. 80-1352—Decided December 23, 1980.)

**166**

*Messrs. Bieser, Greer & Landis, Mr. Charles D. Shook* and *Mr. Edward H. Siddens,* for relator Miami Valley Broadcasting Corporation.

*Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. Paul E. Zimmer,* for relator Grinnell Communications Corporation.

*Coolidge, Wall, Matusoff, Womsley & Lombard Co. L.P.A.,* and *Mr. Roger Makley,* for relator Springfield Television Corporation.

*Messrs. Jeffrey, Snell, Rogers & Greenberg* and *Mr. Harry P. Jeffrey,* for respondent.

*Mr. Sanford J. Edelman* and *Mr. Thomas A. Schaffer,* for intervenor.

*Per Curiam.* The issue presented is whether relators have the right to notice of the hearings on the trial coverage together with the right to play a meaningful role at those hearings. Due to the recent advent of the allowance of broad-

cast coverage of trials in Ohio and the experimental nature of our rules on such coverage, this is an issue of first impression for this court. This action has brought to our attention a possible deficiency in our rules.

Recently, in *State, ex rel. Grinnell Communications Corp.,* v. *Love* (1980), 62 Ohio St. 2d 399, this court discussed Sup. R. 11 and Canon 3A(7) of the Code of Judicial Conduct, which govern the procedure for determining whether coverage will be permitted in a particular case. We held, at page 401, that "the Canons are mandatory in nature, not directory. Under Canon 3A(7)(c) the trial judge shall permit broadcasting in the courtroom, pursuant to permission obtained in advance in writing and under conditions prescribed by the court and Rules of Superintendence, 3A(7)(c)(i), only if the court determines that such broadcasting would not distract participants, impair the dignity of the proceedings, or otherwise materially interfere with the achievement of a fair trial or hearing, 3A(7)(c)(ii). In other words, unless one of these disqualifying factors is found to be present, broadcasting is to be permitted."

Further, at pages 401-402, we stated that "this court has posited that it is presumed that news coverage of a court proceeding is *not per se* inconsistent with a fair and impartial trial.***[I]t is its [the trial court's] responsibility to *scrutinize* the case before it to see if any of the factors which rebut this presumption is present." (Emphasis added.)

"Scrutiny" of the case is not accomplished by allowing the adduction of evidence solely by the participants who are against coverage. The reasoned exercise of respondent's discretion can be made in the instant cause only after relators are allowed to present evidence at the hearings. Without an active and meaningful role played by relators in those hearings, the hearings themselves would become meaningless and the resultant decision would merely represent the personal predilections of the presiding judge.

In *Palm Beach Newspapers* v. *State* (Fla. App. 1979), 378 So. 2d 862, a case similar to the instant cause, the media were permitted to take part in the coverage hearings. The court, in *Palm Beach,* stated at page 864:

"We think it was appropriate for the court to require

notice to the media of the hearing on the state's motion to curtail electronic and still photography. Ostensibly, the purpose of such a proceeding is for the presiding judge to hear evidence so that he can make findings as a predicate for the exercise of his discretion in granting or denying the motion. In the nature of things, we would expect the press to contest any proposed limitation upon full coverage as envisioned by Canon 3A(7), *supra*. Therefore, the party moving for a limitation on coverage would seem to have the burden of adducing some credible evidence necessitating the limitation, while the press should have the right to cross-examination and the adduction of contrary proof."

We hold that under our rules relators have the right to notice, to adduce proof, and to cross-examination of witnesses.

For the foregoing reasons, a writ of prohibition will issue prohibiting respondent from enforcing his decision excluding coverage. Further, respondent is ordered to hold a new hearing on the issue of coverage. Respondent shall give notice to relators of the hearing, and provide relators with the right to adduce evidence and to cross-examine any witness testifying on behalf of those objecting to coverage.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.