THE STATE OF OHIO, APPELLEE, *v.*
TURNER ET AL., APPELLANTS.

(No. C.A. 1783—Decided
October 31, 1983.)

*Mr. James A. Berry,* prosecuting attorney, and *Ms. Sally L. Dilgart,* for appellee.

*Ms. Janie Skogstrom,* assistant public defender, for appellants.

KERNS, J. The defendants, Gerald R. Turner and Sondra Wynn, were tried by jury in the Court of Common Pleas of Clark County and found guilty of forgery in violation of R.C. 2913.31. Subsequently, their sentences were suspended, and they were placed in the MonDay Program[1] after which they were granted probationary status.

At the trial, Turner and Wynn defended on the ground of alibi and claimed misidentification, but the evidence of guilt presented by the state was substantial and impressive.

However, the issue posed in this case is one of procedure. Within one hundred twenty days after the day upon which the verdict was rendered, the defendants filed a motion for a new trial on account of newly discovered evidence, which was accompanied by affidavits, exhibits, and a memorandum. In the motion, Turner and Wynn expressly requested a hearing on the motion, and in the memorandum, the defendants requested an opportunity to present testimony. On February 28, 1983, the motion was summarily overruled by the court of common pleas.

The only assignment of error set forth by the appellants alludes to the failure of the trial court to conduct a hearing on the motion for a new trial after a hearing had been expressly requested by their attorneys. Specifically, the appellants rely upon Rule 9(B) of the Local Rules of the Clark County Court of Common Pleas, which states that in criminal cases "the court may decide any motion without oral argument seven days after it is filed unless oral testimony is required in order to decide the motion *or either party requests a hearing on such motion.*" (Emphasis added.)

Ordinarily, local rules are designed to facilitate and expedite the disposition of cases, and possibly the local rule upon which the appellants rely should be amended to afford the trial court wider discretionary authority, but in its present form, the rule makes no reasonable allowance for construction. For obvious reasons, this court cannot sanction the "selective enforcement" of local rules. On the contrary, the enforcement of a rule established by the court must be characterized with consistency if the rule is to retain its integrity, because the only fair and reasonable alternative to consistent enforcement is complete abandonment.

Accordingly, the judgment will be reversed and the cause remanded to the court of common pleas for a hearing on the motion.

*Judgment reversed
and cause remanded.*

WILSON and WEBER, JJ., concur.

---

[1] A rehabilitative work-study program designed particularly as an alternative to the usual mode of incarceration in penal institutions.