JAMES B. WEST, J., of the Logan County Court of Common Pleas, sitting by assignment.

**WELL, Appellant,**

**v.**

**WELL, Appellee.**

[Cite as *Well v. Well* (1990), 70 Ohio App.3d 606.]

Court of Appeals of Ohio,
Ross County.

No. 1614.

Decided Dec. 13, 1990.

*Frederick M. Isaac,* for appellant.

*J. Jeffrey Benson,* for appellee.

GREY, Judge.

This is an appeal from a judgment of the Ross County Common Pleas Court granting Michael Well's motion to modify custody by awarding him custody of the minor children, Michael ("Mick") and Jacob ("Jake"). We reverse.

The record reveals the following facts. On July 30, 1986, the parties were divorced by a decree of divorce granted to Kendra. Pursuant to the decree, Kendra received custody of the minor children, Mick and Jake. After the divorce, Kendra and the children lived with Kendra's parents while she worked in Chillicothe.

In November 1987, Kendra began working in Columbus. Around the same time, she moved out of her parents' home, due to illnesses, and eventually moved in with her sister and brother-in-law, Vicki and Rick Stafford, in Bainbridge, Ohio. Because her job required her to work late hours, Kendra often stayed in Columbus overnight.

On March 4, 1988, Michael filed a motion for a change of custody. Prior to a hearing on the matter, the trial court ordered a psychological evaluation of all of the parties involved. This report was submitted and considered by the court.

The matter came on for hearing on March 23 and 24, 1989. David Tennenbaum, the psychologist who performed the evaluation, testified, as did family members and friends of both parties.

There was conflicting testimony concerning the amount of time Kendra spent in Columbus as well as the amount of care and time she gave to Mick and Jake. There was no evidence presented that the minor children's present environment was not suitable or that the children were "endangered" by their present living situation.

On June 21, 1989, the trial court filed its entry granting Michael Well's motion for change of custody. On September 12, 1989, the trial court stayed its change of custody order pending appeal to this court.

Kendra Well appeals and assigns four errors, which we will treat jointly.

"FIRST ASSIGNMENT OF ERROR

"The trial court abused its discretion in finding that the environment of the custodial parent endangers the minor children, and erred as a matter of law in changing the custody of the minor children when there were insufficient facts to make a determination that the children's present environment significantly endangers the children physically, morally, or emotionally.

"SECOND ASSIGNMENT OF ERROR

"The trial court erred as a matter of law in changing the custody of the minor children when there was no finding by the trial court that the harm likely to be caused by the change of environment is outweighed by the advantages of the change of environment to the children.

"THIRD ASSIGNMENT OF ERROR

"The trial court erred as a matter of law in changing the custody of the minor children when there was no finding by the trial court that a change was in the best interest of the minor children in accordance with Section 3109.-04(C), Ohio Revised Code.

"FOURTH ASSIGNMENT OF ERROR

"The trial court abused its discretion in finding that there has been a change of circumstances sufficient to support a change of custody."

Appellant's basic assertion in her four assignments of error is that the trial court erred in granting Michael Well's motion because there was insufficient evidence to support a change of custody pursuant to the relevant statutory sections. We agree.

R.C. 3109.04(B)(1)(c) provides in pertinent part:

"[T]he court shall not modify a prior custody decree unless it finds, based on facts that have arisen since the prior decree or that were unknown to the

court at the time of the prior decree, that a change has occurred in the circumstances of the child, his custodian, or either joint custodian, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the custodian or both of the joint custodians designated by the prior decree, unless one of the following applies:

" * * *

"(c) The child's present environment endangers significantly his physical health or his mental, moral, or emotional development and the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

Thus, in order to modify a custody decree, there must be a finding by the court that the child's present environment endangers the child and that the harm likely to be caused by a change of custody is outweighed by the advantage resulting from a change of custody.

■ Below, there was conflicting evidence presented as to the amount of time Kendra Well spent with her children. However, no one, not even the psychologist in his report or in his testimony, could state that the children were endangered by their present living situation. However, despite the lack of such evidence, the trial court found that the children, Mick and Jake, were suffering emotional harm from an unstable home situation. The record does not, however, support this finding.

■ In sum, the evidence in this case establishes only that appellant's situation was typical of a working divorced mother, *i.e.*, that she relied on her family to help care for her children while she worked. Appellee's evidence, in sum, was that the children would be better off with him. "Better off" is not a statutory standard for a change of custody.

■ Judgments supported by some competent credible evidence going to all the essential elements of a case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *Masitto v. Masitto* (1986), 22 Ohio St.3d 63, 22 OBR 81, 488 N.E.2d 857. Here, there is no evidence in the record that Mick and Jake Well are endangered either physically, mentally, or emotionally by the present living arrangements with the Staffords. Thus, pursuant to *Masitto, supra,* the trial court's judgment was against the manifest weight of the evidence. Kendra Well's assignments of error are well taken and are sustained.

The judgment is reversed and the cause is remanded with orders to overrule Michael Well's motion for change of custody.

*Judgment reversed.*

HOMER E. ABELE, P.J., concurs.

HARSHA, J., dissents.

HARSHA, Judge, dissenting.

I respectfully dissent from the judgment and opinion sustaining appellant's assignments of error and reversing the judgment of the trial court, which had granted appellee's motion for a change of custody of the parties' two minor children.

I disagree with the principal opinion's disposition of appellant's first assignment of error, which asserts that the trial court abused its discretion in finding that the environment of the custodial parent endangers the minor children and erred as a matter of law in changing the custody of the minor children when there were insufficient facts to make a determination that the children's present environment significantly endangers the children physically, morally, or emotionally.

A trial court is vested with broad discretion in determining whether to grant a motion for a child custody modification, and this determination is subject to reversal only upon a showing of an abuse of discretion. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846, 849. An abuse of discretion connotes that the court's attitude is unreasonable, arbitrary or unconscionable. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030. Moreover, judgments changing custody of children which are supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being arbitrary. *Masitto v. Masitto* (1986), 22 Ohio St.3d 63, 22 OBR 81, 488 N.E.2d 857; *Vincenzo v. Vincenzo* (1982), 2 Ohio App.3d 307, 2 OBR 339, 441 N.E.2d 1139; *Ross v. Ross* (1980), 64 Ohio St.2d 203, 18 O.O.3d 414, 414 N.E.2d 426.

The trial court explicitly determined in its June 21, 1989 judgment entry that "[a]n indifferent attitude on the part of the plaintiff has created an environment where the children *are* suffering emotional harm from an unstable extended home situation." (Emphasis added.) This is indicative of a present rather than future condition. The principal opinion repeatedly states that the record does not support this finding, that the psychologist did not state in his report or his testimony that the children were endangered by their present living situation, and that the evidence in this case establishes only that appellant's situation was typical of a working divorced mother.

However, a thorough review of the record in the case at bar reveals that the principal opinion ignores much of the pertinent evidence. David J. Tennenbaum, Ph.D., the court-appointed psychologist, testified that based upon his several sessions with the parties' children, "these children do evidence *having*

*been harmed emotionally by the uncertainty and inconsistency of their environment."* (Emphasis added.) Dr. Tennenbaum determined that appellant was deceptive, untrustworthy, and manipulative, that appellant's comments regarding her living arrangements were "completely different" from what the children had told him, and that appellant had a "very strained relationship" with her children. Dr. Tennenbaum further concluded that appellant's work was "not a situation where a family-oriented parent takes a job out of town to provide for the family; this is a situation in which the mother has attempted to meet her own possessive need."

Stephanie Bobb testified that she babysat for the parties' children from August 1987 until June 1988, that appellant only picked up her children three or four times during that period, that appellant never paid for the babysitting, and that the children would refer to appellant's sister as their mother. Linda Bickell, owner and operator of a day care center which had provided child care for the parties' children since August 1988, testified that she had never seen appellant at the day care center. Finally, appellee testified that the children had suffered emotional endangerment while in the custody of appellant, that the children rarely talked about appellant, and that the children were confused about where they lived and who they were. The knowledge that a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record, and, in this regard, the reviewing court should be guided by the presumption that the trial court's findings were indeed correct. *Miller, supra; Trickey v. Trickey* (1952), 158 Ohio St. 9, 47 O.O. 481, 106 N.E.2d 772. In the case at bar, the foregoing evidence provided competent, credible evidence to support the trial court's finding that the parties' children were suffering emotional harm from an unstable extended home situation. In addition, appellee testified that appellant, on several occasions, had prevented him from communicating with the children. Interference by a custodian of a child with the noncustodial parent's right to maintain a close and ongoing relationship with the child is an appropriate factor for the court to consider in determining a motion for change of custody. See, *e.g., Gordon v. Gordon* (Oct. 19, 1987), Athens App. No. 1334, unreported, at 15–16, 1987 WL 18751; Haralambie, Handling Child Custody Cases (1983), Section 7.09.

Accordingly, for the foregoing reasons, the trial court did not abuse its broad discretion in granting appellee's motion for change of custody, and the first assignment of error should be overruled.

Upon analyzing appellant's second, third, and fourth assignments of error, I would note that she was not entitled to specific findings of fact and conclusions of law where the record does not indicate that she made a proper written

request pursuant to Civ.R. 52. Additionally, while it is preferable that the trial court expressly state in the judgment entry those standards and guidelines on which it relied, if sufficient evidence supports the judgment, a reviewing court may assume that the trial judge considered that evidence and applied the relevant statutory elements, standards, and factors in making his decision and thus will find that the judge did not abuse his discretion. Baldwin's Ohio Domestic Relations Law (1987) 542; *Whitmer v. Darrow* (Dec. 26, 1985), Summit App. No. 12130, unreported, 1985 WL 4735; *Van Blarcum v. Van Blarcum* (Mar. 3, 1982), Lorain App. No. 3250, unreported, 1982 WL 4895. Therefore, the trial court did not err in failing to make a specific finding that the harm likely to be caused by the change of environment is outweighed by the advantages of the change of environment to the children.

The trial court's entry specifically found that a change of circumstances had occurred since the divorce decree and that a change of custody was necessary to serve the best interests of the children. These findings are supported by the evidence adduced at the hearing, which included the testimony of Dr. Tennenbaum. Thus, appellant's second, third, and fourth assignments of error are meritless and should be overruled, and the judgment of the trial court should be affirmed.