[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff-appellant, Todd Musson [Musson], appeals from the decision of the Court of Common Pleas of Hardin County which denied his request for a change of custody of his two children from Defendant-appellee, Anita Musson, n.k.a. Anita Maffei [Maffei].
On April 2, 1993, Musson, an Ohio resident, and Maffei, a resident of Tennessee, were divorced. At that time, the parties agreed to a shared parenting arrangement where Maffei was the primary residential parent of the two minor children. During the next two years, the relationship between Musson and Maffei deteriorated. Eventually, the shared parenting plan was terminated through an entry filed on June 3, 1996. In that entry, Maffei was designated the custodial parent. Musson was granted extensive visitation rights and other significant rights and responsibilities regarding the rearing of the minor children. This entry also admonished the parties to refrain from recording normal phone conversations between themselves. In particular, the court stated that recordings of phone calls without the knowledge and consent of the other party would not be considered as evidence.
On January 2, 1997, Musson filed a motion requesting a change of custodial parent status. An amended motion was filed on March 21, 1997. After hearings were held, the trial court overruled these motions on May 13, 1997. Musson made another change of custody motion on September 10, 1997. Another hearing was held and the motion was overruled on November 18, 1997. From this final judgment entry, Musson appeals and identifies the following two assignments of error:
 I. The Court abused its discretion by overruling Plaintiff's motion for change of custody.
 II. The Court improperly refused to admit Plaintiff's evidence and enforce its local court rule.
At issue in this matter is R.C. 3109.04(E) which states:
 (E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
* * *
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
To warrant a change in custody due to a change in circumstances, there must be a change of substance, rather than one which is slight or inconsequential. Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418. The purpose for this required showing is to prevent the children from being subjected to:
 `a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a `better' environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.'
 Id., citing Wyss v. Wyss (1982), 3 Ohio App.3d 412, 416.
In its interpretation of R.C. 3109.04(E), the Ohio Supreme Court, in the case of Davis, supra, at syllabus, stated that:
 1. R.C. 3109.04 requires a finding of a "change in circumstances." Such a determination when made by a trial judge should not be disturbed, absent an abuse of discretion.
 2. In determining whether a change in circumstances has occurred so as to warrant a change in custody, a trial judge, as the trier of fact, must be given wide latitude to consider all the issues which support such a change.
An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary or unconscionable. Booth v. Booth
(1989), 44 Ohio St.3d 142, 144. Moreover, judgments in child custody cases which are supported by some competent, credible evidence going to the essential elements of the case will not be reversed by a reviewing court as being against the weight of the evidence. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, syllabus. The rationale for this review standard is founded on the belief that:
 [T]he trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page. * * *
* * *
 This is even more crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well.
 Davis, supra, at 418-419.
In this matter, the trial court acknowledged that Musson was a caring parent and would likely be a good caretaker. Musson has a supportive extended family and is currently more financially secure than Maffei. However, these factors alone do not support a change in custody. Well v. Well (1990), 70 Ohio App.3d 606, 609;Hammons v. Hammons (May 4, 1994), Gallia App. No. 93CA24, unreported. Instead, the best interests of the children and the impacts on the children resulting from a change of custody are at issue. Id. See, also, Davis, 77 Ohio St.3d at 421; R.C.3109.04(E).
Upon the completion of three separate hearings occurring from March to October, 1997, the trial court stated in its November, 1997 entry:
 The evidence otherwise presented does not demonstrate that a change of circumstances has occurred to such a degree that custody should be changed or that it would be in the best interests of the children to do so.
In other words, although Maffei's circumstances may not be without difficulty, the trial court determined that the children should remain with her in Tennessee. This decision was based on the evidence that Maffei has been the childrens' primary caregiver and that they had an established routine. The children, as the mother, have also been permanent residents of Tennessee. At the time of this matter, the eldest child was enrolled in first grade in his local school district and he had made friends. His younger brother was to begin kindergarten the next year. The boys had also integrated a sister into their family unit and had the support of Maffei's extended family as well. Finally, the court specifically noted that there was no evidence of abuse by Maffei towards any of the children or psychological damage due to her actions or inactions.
In support of his motion, Musson attempted to demonstrate that his eldest son's medical needs were not being properly attended. He argued that Maffei and the local school officials in Tennessee were not providing the care which could be given in Ohio. Notwithstanding, Musson did admit that accommodation of his child's special needs were as a result of a federal mandate. Thus, schools in Ohio and Tennessee alike are required to provide the care this child requires.
Musson also tried to show that Maffei was irresponsible in her care of this son's medical treatment. The evidence Musson presented was Maffei's acquisition of a $16,000 debt for their son's required medication. However, evidence also demonstrated that this outstanding balance appeared to be the responsibility of TennCare, the child's health care provider and that Maffei was meeting her obligations.
Having reviewed the record, we are unable to say that the trial court committed any error. The record demonstrates that the court considered all factors which would support a change in circumstances. Further, competent and credible evidence was presented to support the trial court's decision that a change in custody was not in the best interests of the children or that the harm of a change of environment outweighed the benefits of such a change. Accordingly, the trial court's determination cannot be reversed as being against the weight of the evidence. Thus, Musson's first assignment of error is overruled.
Musson's second assignment of error addresses two concerns. The initial concern pertains to two transcripts of conversations Musson recorded between himself and Maffei which the trial court refused to consider. Musson proffered these conversations as evidence supporting his final change of circumstances motion, all the while acknowledging that the original court order prohibited the recording of normal phone conversations. However, he maintained that these phone calls were not normal, thus the effect of that order was vitiated. Musson also contended that since Maffei had not attended the Hardin County Common Pleas Court Assisting Our Kids Program [A.O.K.] or a comparable program in Tennessee, as required by the court's local rules, she should not be permitted to retain custody of the children.
The arguments which Musson makes are in areas where the trial court retains significant discretion for its decisions. A trial judge has absolute control of the proceedings in his courtroom.State ex rel. Miami Valley Broadcasting Corp. v. Kessler (1980),64 Ohio St.2d 165, 166, n. 3. In regards to the trial court's exclusion of the phone transcripts, decisions regarding the admission or exclusion of evidence are also subject to the trial court's discretion. Collins v. Storer Communications, Inc.
(1989), 65 Ohio App.3d 443, 446-447. See, also, Columbus v.Taylor (1988), 39 Ohio St.3d 162, 164. Decisions such as these will not be reversed by a reviewing court absent an abuse of discretion. Paugh Farmer, 15 Ohio St.3d at 46; Collins,65 Ohio App. 3d at 446-447.
In this matter, we conclude that the trial court did not err in its decision to refuse to consider this evidence for the change of circumstances motion. The trial court originally imposed this order in an attempt to maintain open lines of communication between Musson and Maffei. The acrimony between this couple had been acknowledged by the trial court, which noted in its June 3, 1996:
 The Court admonishes both parties concerning the importance of working together for the benefit of the children. Communication between the parties is vital and neither should impede such communication or withold [sic] information from the other to gain a perceived advantage. * * * It is likewise important that the children respect both parents. This respect will be seriously diminished by the bickering between parents or by the demeaning of one parent by the other or the other's family. The orders of this Court will be interpreted not for the benefit of or in the best interests for the parents but for the benefit of and in the best interests of the children.
This is the same entry which imposed the no-recorded phone call order. A similar admonishment of the parties behavior was given in the trial court's May 13, 1997 entry:
 The court cannot and will not formulate a plan governing the lives of the parties and their children to any greater extent than has already been done. The parties must, in the last analysis, develop a living arrangement which provides them some level of satisfaction in their relationship with their children and minimizes the discomfort in their relationship with each other. Once again, the Court will remind both parties that suspicion, mistrust, and ill feeling do not foster a civil working relationship. This the parties must have if the best interests of their children are truly to be served.
Thus, the court's decision to bar evidence of Musson and Maffei's taped phone conversations, and the reasoning behind the order, is within the court's authority and within the trial court's inherent authority to control its courtroom.
On the other hand, the court's waiver of its local rule as to Maffei is problematic. This rule states:
 Rule 2.24 ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES PARENTING SESSION, ATTENDANCE REQUIRED
 A. For all cases filed after December 1, 1996, involving * * * post-decree motion regarding the determination and/or enforcement of parental rights and responsibilities, those parties who have not completed an Assisting Our Kids (A.O.K.) session within two year of the filing, shall attend this Court-Ordered program.
* * *
 C. Any litigant required to attend said A.O.K. course must do so prior to the final hearing in the case. Failure to attend will be considered in the allocation of parental rights and responsibilities and/or companionship rights may result in a denial thereof or dismissal of the case.
As a general rule, the trial court's interpretation of its own local rules is at its discretion and review of such decisions is on an abuse of discretion standard. Boieru v. State Emp.Relations Bd. (1988), 54 Ohio App.3d 23, 25. See, also, Paugh Farmer, Inc. v. Menorah Home for Jewish Aged (1984), 15 Ohio St.3d 44,45-46. However, when a particular rule makes "no reasonable allowance for construction[,]" it must be consistently enforced.State v. Turner (1983), 10 Ohio App.3d 328.
As is clear from the language, Rule 2.24 is not one in which a trial court possesses much discretion. Both parties are required to attend this program or risk negative consideration of their parental rights. Maffei has not attended A.O.K. Nevertheless, the trial court's apparent waiving of this requirement does not mandate a change in custody of the children. The rule states that the failure to attend the program will be a factor for the court's deliberation.
In this case, the court did not consider Maffei's failure to attend A.O.K. a willful violation. Her attendance required a special trip from Tennessee. Further, she attempted to schedule an appointment for a course and was dissuaded from attendance by the administrator. The trial court could thus reasonably find that Maffei evidenced an intention to fulfill this mandate.
Considering these circumstances, and the totality and sufficiency of the evidence presented on the childrens' best interests and their living arrangements, the court possessed a justifiable basis for its decision of permitting Maffei to retain custody. Although this local rule may have technically been violated, the court did demonstrate that it properly considered varying factors in its ultimate determination. Accordingly, based on the foregoing, Musson's second assignment of error is overruled in its entirety.
In sum, Musson's two assignments of error are overruled and the judgment of the Court of Common Pleas of Hardin County is affirmed.
Judgment affirmed.
 BRYANT and HADLEY, JJ., concur.