O P I N I O N
This is an appeal from a judgment overruling objections to a magistrate's decision in a divorce case. In the trial court, the defendant, Clara Hobbs, objected to an order awarding the custody of the two daughters of the parties, Ashley and Macie, to the plaintiff, Douglas Hobbs, but such objections were denied by the Common Pleas Court on January 8, 1999.
In the present appeal to this court, Mrs. Hobbs has set forth six assignments of error, all of which are directed, in one way or another, to the weight and sufficiency of the evidence, and with a view to the defendant's detailed factual references to various episodes which occurred during the comparatively brief marriage, it perhaps should be pointed out with some particularity that this appeal is necessarily upon questions of law only. App.R. 2. In other words, a reviewing court cannot substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Sayre v.Hoelzle-Sayer (1994), 100 Ohio App.3d 203.
In the present case, the best-interests determination of the trial court, while a close call upon the evidence presented, was made with a conscious regard for the provisions of R.C. 3109.01, and it is fundamental, of course, that the judgment of the trial court may not be reversed if supported by some competent and credible evidence. Masitto v. Masitto (1986), 22 Ohio St.3d 63,66; Well v. Well (1990), 70 Ohio App.3d 606, 609. Furthermore, the right to decide disputes of fact and weigh the testimony and credibility of the witnesses during a custody battle is an exclusive prerogative of the Common Pleas Court. See Miller v.Miller (1988), 37 Ohio St.3d 71, 74. In fact, this court may not reverse a factual determination of a trial court unless error appears as a matter of law. Pasqualone v. Pasqualone (1980),63 Ohio St.2d 96, 106.
As we view the proceedings, therefore, as shown by the record, none of the alleged errors raise any issue which might justify the interference of a reviewing court. To be sure, no abuse of discretion, as that term is defined in law, has been shown, and accordingly, the judgment must be affirmed.
BROGAN, J., FAIN, J., and KERNS, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Robert N. Lancaster, Jr., Clara M. Golding, Hon. Joseph N. Monnin.