OPINION
Sheri S. Tulley ("appellant") appeals the March 9, 2000 judgment entry by the Portage County Court of Common Pleas, Domestic Relations Division, granting Darren D. Tulley ("appellee") a divorce decree and making appellee the residential parent. For the reasons that follow, we affirm the judgment of the lower court.
Briefly, throughout the lengthy proceedings, spanning almost five years, the parties filed countless motions, which included numerous motions for contempt. Consequently, hearings were held to address these motions; however, transcripts or statements of evidence for some of these hearings are not contained in the record. Additionally, many orders were issued by the magistrate and trial court making a determination as to these motions. Therefore, due to the extensive history of the instant case, we will limit our factual and procedural summary to that which is relevant to the issues raised in the instant appeal.
Appellant and appellee were married November 3, 1990. Three children were born of their marriage: Meghan, August 17, 1991, Paige, November 4, 1992, and Taylor, April 30, 1994. On September 16, 1996, appellee filed for divorce and custody of the children who were ages five (5), four (4), and two (2). Appellee requested child support and an equitable division of property. The complaint alleged appellant was expecting a fourth child; however, appellee denied paternity. Appellant filed an answer and counterclaim, admitting she was pregnant, but stated appellee was the father of her unborn child. Appellant also demanded a divorce, asked for custody of the children along with child and spousal support, and requested an equitable division of the marital property and debts.
On December 16, 1996, a hearing was held before the magistrate. That same day, appellant filed a motion for the psychological examination of the parties. Thereafter, the magistrate's decision, filed February 25, 1997, recommended the court grant appellee a divorce on the grounds of incompatibility and make appellant the residential parent of the three children with companionship and visitation rights to appellee. The magistrate recommended an order that appellee pay child support in the amount of $213.54 per month, per child, retroactive to December 16, 1996, and award appellant a $2,000 lump sum spousal support payment. The magistrate noted that appellee denied the paternity of appellant's unborn child; therefore, the issue of paternity, custody, support, and visitation for the unborn child was reserved. Finally, the magistrate stated, aside from the boat and the motor, all other personal property was divided to their mutual satisfaction since neither party presented any evidence for its division.
On March 4, 1997, appellee filed timely objections to the magistrate's decision. Thereafter, appellee filed a request that appellant submit her newborn child to DNA testing. In a judgment order filed August 20, 1997, the trial court ordered appellant to appear with her newborn child for DNA testing. The trial court also granted appellee's motion for psychological testing. Finally, the trial court remanded the case to the magistrate upon completion of the DNA testing and the psychological evaluations so that a decision could be issued regarding the custody of all children born of the marriage and the property issues.
On April 1, 1998, a hearing was held to address appellee's March 4, 1997 objections to the magistrate's February 25, 1997 decision. The results of the paternity test were previously filed. The results conclusively determined that appellee was not the biological father of appellant's fourth child. At this time, the psychological evaluations were also submitted.
On October 21, 1998, the magistrate's recommendation was rendered as to the custody of the children. The magistrate made appellee the residential parent of the children and granted appellant companionship and visitation rights. The magistrate ordered appellant to provide income information so that child support could be calculated.
On November 4, 1998, appellant filed timely objections to the magistrate's October 21, 1998 decision. That same day, appellant filed a motion to stay the execution of the magistrate's decision pending the outcome of the objections. Appellant also filed a motion for findings of fact and conclusions of law regarding the magistrate's decision.
The following day, November 5, 1998, in a judgment entry adopting the magistrate's October 21, 1998 decision, the trial court entered a divorce decree without addressing the objections. It designated appellee the residential parent of the children of the marriage with companionship and visitation rights to appellant. The trial court ordered appellant to pay child support, ordered appellant to provide income information, terminated the temporary child support obligation of appellee, and determined that neither party should pay spousal support due to the length of the marriage and the parties' education.
Thereafter, on November 12, 1998, the trial court overruled appellant's motion to stay the operation of the magistrate's decision pending disposition of objections. The court ordered appellee to assume custody of the children and become the residential caretaker. On November 25, 1998, appellant filed objections to the trial court's adoption of the magistrate's decision without adequate notice and opportunity for a hearing. Subsequently, appellant filed a Civ.R. 60(B) motion to vacate the divorce decree entered on November 5, 1998. In particular, appellant argued Civ.R. 60(B)(1), (3), (4) and (5) applied. Appellant asserted the trial court lacked jurisdiction to enter the order under Civ.R. 53(E)(4)(a) because the filing of objections operated as a stay of execution. Appellant also argued the magistrate omitted the factual data gathered by the psychologist's report and omitted the language regarding the property division and child support. Finally, appellant contended the trial court's judgment entry was based upon evidence not in the magistrate's October 21, 1998 decision.
A hearing was held on January 22, 1999 to address appellant's November 4, 1998 objections to the magistrate's October 21, 1998 decision. At the onset of the hearing, it was also stated appellant's Civ.R. 60(B) motion and appellant's motion to stay the execution of the magistrate's decision pending the disposition of her objections would be addressed.
On January 25, 1999, in a judgment entry, the trial court stated, that after complete review of all the facts and circumstances, the court agreed with the magistrate's decision that the best interest of the children were served by making appellee the residential parent. The trial court overruled appellant's objections and all other pending motions.
On February 5, 1999, the trial court filed another judgment entry, paralleling its January 25, 1999 judgment entry. The judgment entry stated a hearing was held to address appellant's November 4, 1998 objections to the magistrate's decision and appellant's Civ.R. 60(B) motion to vacate the divorce decree. Once again, the trial court adopted the magistrate's October 21, 1998 decision, stating, after review of all the facts and circumstances and the transcripts, it agreed with the magistrate and specifically found the best interest of the children were served by making appellee the residential parent. As to appellant's motion for findings of fact and conclusions of law and all other pending motions, the trial court again overruled them.
On March 5, 1999, appellant filed a timely appeal with this court from the trial court's February 5, 1999 judgment entry.[1] On February 14, 2000, this court dismissed appellant's appeal for lack of a final appealable order and remanded the case to the trial court to prepare a new judgment entry incorporating the several rulings of the trial court so as to constitute a final appealable order. On March 9, 2000, the trial court filed a new judgment entry.
On April 7, 2000, appellant filed a timely appeal, asserting four assignments of error. Appellant's assignments of error will be set out as each one is discussed.
 "[1] Whether the court abused its discretion and acted contrary to state and federal law when it remanded the issue of custody [of] the three children of the marriage based upon the outcome of paternity testing of the fourth child, and further abused its discretion and acted contrary to state and federal law when it made a decision awarding custody of the children to father based upon `lies' mother told about the paternity of the fourth child."
 Appellant's first assignment of error raises issue to the trial court's August 20, 1997 judgment order, remanding the case to the magistrate upon completion of the DNA testing and the psychological evaluations so that a decision could be issued pertaining to the custody of all the children of the marriage and the property issues. Appellant also argues the trial court's November 5, 1998 divorce decree and judgment entry, making appellee the residential parent of the children, was erroneous.
In particular, appellant contends a parent's sexual activity, standing alone, should have no relevance to a decision allocating parental rights. Appellant avers the trial court abused its discretion when it failed to consider all relevant statutory factors and when it based its custody decision upon the non-statutory factors that she "lied" about paternity and child support. Appellant contends the magistrate's determination that she "lied" about child support is not supported and such should be stricken. Finally, appellant posits the custody of the three children should not have been remanded pending the DNA results of appellant's fourth child and the psychologist's report.
We begin with appellant's arguments pertaining to the trial court's August 20, 1997 judgment order, remanding the case to the magistrate. Upon the filing of the magistrate's February 25, 1997 decision, appellee filed timely objections raising various arguments. First, appellee objected to the magistrate's ruling as to the custody of the three children because the magistrate's stated intention and proper course was to reserve the custody issue of all the children of the marriage pending the determination of paternity for the unborn child. Second, appellee contended the magistrate erred in back dating the child support to December 16, 1996 because he was paying under the temporary court order; thus, child support should begin as of the date of the magistrate's decision so that he would not be in arrears at the outset. Third, appellee asked the magistrate to clarify that appellant's possession of the family van included the payments. Finally, appellee requested an award of certain personal property and that the court make a specific order as to the Sundance automobile and the City Loan account.[2]
The trial court's August 20, 1997 judgment order remanded the case so that the additional evidence of the DNA testing and the psychological report could be considered to make the determination of custody for all the children of the marriage. The trial court also instructed the magistrate to address the property issues that were not resolved.
When reviewing a magistrate's decision pursuant to Civ.R. 53(E), a trial court does not sit in the position of a reviewing court; rather, the trial court must conduct a de novo review of the facts and conclusions contained in the magistrate's decision. Inman v. Inman
(1995), 101 Ohio App.3d 115, 117-118. As the ultimate finder of fact, the trial court must make its own factual determinations through an independent analysis of the issues and should not adopt the findings of the magistrate unless the trial court fully agrees with them. Id. The trial court's role is to determine whether the magistrate has properly determined the factual issues and appropriately applied the law, and, if the magistrate has failed to do so, the trial court must substitute its judgment for that of the magistrate. Id. Magistrates do not have the authority to render final judgments; therefore, the trial court remains responsible to critically review and verify the work of the magistrate to determine if the magistrate's findings of fact are sufficient to support the conclusions of law. Quick v. Kwiatkowski (Aug. 3, 2001), Montgomery App. No. 18620, unreported, 2001 Ohio App. LEXIS 3437, * 8. A trial court may also come to a different legal conclusion if that conclusion is supported by the magistrate's findings of fact. Wade v. Wade (1996),113 Ohio App.3d 414, 419.
Civ.R. 53(E)(4)(b) provides, in relevant part:
 "*** The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. ***" (Emphasis added.)
 When reviewing a trial court's decision pertaining to the magistrate's determination, an appellate court will not reverse the trial court's decision unless the decision is an abuse of discretion. Wade, supra, at 419. Abuse of discretion connotes the trial court's decision is more than an error of law or judgment; rather, it implies the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In the case sub judice, upon review of the record, we cannot say the trial court abused its discretion by remanding the case to the magistrate to hear additional evidence before deciding the custody of all the children of the marriage and to address the issues pertaining to marital property. Civ.R. 53(E)(4)(b) explicitly empowers a trial court to recommit the matter to the magistrate with instructions. The trial court could not adopt the findings of the magistrate unless it fully agreed with them. The trial court's role was to independently determine whether the magistrate had properly evaluated the factual issues and appropriately applied the law.
This independent determination by the trial court included a review of the December 16, 1996 hearing before the magistrate in which appellee's and appellant's testimony were inconsistent on certain matters. In particular, there was testimony by appellee that he underwent a vasectomy and testimony by appellant that appellee was absolutely the father of her unborn child and that she never had sexual intercourse with David Sommers. The parties were also in disagreement as to appellant's housekeeping of the marital mobile home and care of the children. There was also testimony by other witnesses such as appellant's neighbor, appellant's sister, appellee's two sisters, appellee's parents, and an individual who knew appellant and appellee and observed appellant kissing another man.
The trial court's action to remand the case to the magistrate demonstrates the trial court, upon making its independent analysis, did not fully agree with and/or was not fully satisfied with the magistrate's factual findings and conclusions of law. As such, we cannot conclude the trial court's decision to remand the case to the magistrate was an abuse of discretion.
Next, we address appellant's arguments pertaining to the trial court's November 5, 1998 divorce decree and judgment entry, making appellee the residential parent. The trial court adopted the magistrate's October 21, 1998 decision, which determined that appellee should be the residential parent.
The discretion that a trial court possesses in custody disputes is quite extensive. Roach v. Roach (1992), 79 Ohio App.3d 194, 208. When reviewing a trial court's determination in a domestic relations case, an abuse of discretion standard is applied. Booth v. Booth (1989),44 Ohio St.3d 142, 144; Miller v. Miller (1988), 37 Ohio St.3d 71. A trial court's decision in a domestic relations matter should not be disturbed on appeal unless the decision involves more than an error of law or judgment, meaning the trial court's attitude is unreasonable, unconscionable, or arbitrary. Booth, supra. The Supreme Court of Ohio has stated " [i]n proceedings involving the custody and welfare of children[,] the power of the trial court to exercise discretion is peculiarly important. The knowledge obtained through contact with and observation of the parties and through independent investigation cannot be conveyed to a reviewing court by the printed record." Bechtol v.Bechtol (1990), 49 Ohio St.3d 21, 23, citing Trickey v. Trickey (1952)158 Ohio St. 9, 13. It is for the trial court to resolve factual disputes and to weigh the testimony and credibility of the witnesses.Id. A reviewing court should be guided by the presumption that the trial court's findings were correct. Miller, supra, at 75.
When making the allocation of parental rights in a divorce proceeding, the "best interest of the child" is the overriding concern. R.C.3109.04(B)(1); see, also, Miller at 74. In determining the best interest of a child, the trial court considers all relevant factors listed in R.C. 3109.04(F)(1); however, the trial court is not limited to those factors. Those factors include, among others, the wishes of the parents regarding the child's care; the child's interaction and interrelationship with the parents and any other person who may significantly affect their best interest; the child's adjustment to the home, school, and community; the mental and physical health of all persons involved; the parent more likely to honor and facilitate court-approved visitation; whether each parent failed to make all child support payments; whether the residential parent or one of the parents had willfully denied the other parent to parenting in accordance with a court order; and whether each parent has established a residence.
In the case presented, contrary to appellant's arguments that her sexual activity should have no relevance and that the custody decision was based only upon the fact that she "lied" about paternity and child support, the issue in the instant case was not a moral issue, but one that centered around the credibility of the parties. The credibility of the parties did not focus on just one matter; rather, the focus was on the totality of the record.
The magistrate's factual findings in the October 21, 1998 decision demonstrate the decision to award custody to appellee was based upon various factual findings. The magistrate made the following findings: appellant testified there was no possibility that appellee was not the father of her last child, appellant resisted compliance with the court-ordered DNA testing, the DNA results confirmed appellee's allegations of appellant's adultery, appellee is a good father and caretaker, appellee resides with his parents who have provided assistance with the children, appellant has resided at numerous locations since the complaint was filed and was evicted twice, appellant has been financially irresponsible and caused a lack of prompt medical care for the children, appellant demonstrated a lack of truthfulness throughout these proceedings, and appellee demonstrated stability, responsibility, interest, planning, and care towards the children.
As stated above, the factors enumerated in R.C. 3109.04(F)(1) are not an exhaustive list. Upon review of the transcripts submitted, the magistrate's factual findings are corroborated by evidence and testimony adduced during the hearings. Although there was still some conflicting testimony in the parties' versions of certain events and circumstances, the April 1, 1998 hearing reveals that appellant failed to make the court-ordered payments on the marital mobile home and the van, resulting in their repossession. Appellant's testimony also demonstrates her untruthfulness during the December 16, 1996 hearing concerning the paternity of her fourth child. During the hearing, when asked why she testified untruthfully under oath during the December 16, 1996 hearing about not having sexual intercourse with David Sommers, appellant replied "[b]y the advice of my [previous] Attorney. I was told to say that. *** I followed the advice of my Attorney." This is not an acceptable excuse for lying under oath. Additionally, appellant's phone bill showed a $300 bill to the "Psychic Hotline," although appellant denied she made the call. As to appellee's testimony, he testified that while appellant worked during the day, he would make the children breakfast and lunch and get them dressed. Additionally, the children's residential home, appellee's parents' home, was described in specific detail. This residence is two houses away from the children's maternal grandparents.
Although we do not doubt that appellant and appellee love their children, we, as a reviewing court, are limited to only reviewing the trial court's decision under an abuse of discretion standard. The magistrate and trial court were in the best position to observe appellant and appellee and the other witnesses, weigh their testimony and credibility, and resolve the factual disputes. This instant case is not one instance of lying by appellant; rather, the testimony demonstrates both a lack of credibility and irresponsibility on the part of appellant as to her financial matters.
We are guided by the presumption that the magistrate and trial court's findings were correct that the best interest of the children is served with appellee as the residential parent. Accordingly, we cannot say the trial court's decision to adopt the magistrate's decision, making appellee the residential parent and awarding appellant visitation and companionship rights, was more than an error of law or judgment. As such, appellant's first assignment of error is without merit.
We will now review appellant's second assignment of error:
 "[2] Whether the court's decision granting custody of the three children of the marriage to Father was against the manifest weight of evidence, as there was neither any competent, credible evidence nor substantial evidence that any of mother's actions harmed the children in any way."
 Appellant asserts when there is no evidence the children are endangered by the previous living arrangement, the judgment is against the manifest weight of evidence. Appellant argues evidence that the children would be "better off" with the father is not sufficient. Appellant opines appellee set forth no competent, credible evidence of a detrimental effect on the children and the psychologist report recommended her as the preferred custodial parent. Finally, appellant contends the finding that her housekeeping is unsanitary is unsupported by competent, credible evidence.
The Supreme Court of Ohio has articulated the principles to be applied in addressing a manifest weight argument:
 "While we agree with the proposition that in some instances an appellate court is duty-bound to exercise the limited prerogative of reversing a judgment as being against the manifest weight of the evidence in a proper case, it is also important that in doing so a court of appeals be guided by a presumption that the findings of the trier-of-fact were indeed correct."
 State ex rel. Pizza v. Strope (1990), 54 Ohio St.3d 41, 46, quoting Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. The Supreme Court of Ohio further stated "the underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." State ex rel. Pizza, supra, at 46.
If an award of custody is supported by competent, credible evidence, then it will not be reversed as being against the weight of the evidence. Bechtol, supra, 49 Ohio St.3d at syllabus; Well v. Well
(1990), 70 Ohio App.3d 606, 609; Tracy v. Tracy (Oct. 15, 1999), Trumbull App. No. 98-T-0118, unreported, 1999 Ohio App. LEXIS 4877, at 14. The discretion of a trial court in custody disputes is extensive and such discretion should be accorded the utmost respect, given the nature of the proceeding and the impact the trial court's determination will have on the lives of the parties. Roach, supra, 79 Ohio St.3d at 208. As such, this extensive discretionary power of the trial court necessarily limits the appellate court's authority to reverse a custody decision as being against the manifest weight of the evidence. Id.; Thrasher v. Thrasher (1981),3 Ohio App.3d 210, 214. There is a presumption the trial court's decision is correct and a reviewing court may only reverse a custody determination upon a showing of an abuse of discretion. Roach at 208; Miller, supra, at 74.
In the instant case, as stated in appellant's first assignment of error, we have thoroughly reviewed the record and we find nothing thatsuggests the trial court abused its discretion in making appellee theresidential parent. As described in appellant's first assignment of error, some competent and credible evidence exists to support the trial court's decision to make appellee the residential parent. As such, we cannot say that the trial court's decision to make appellee the residential parent was against the manifest weight of the evidence. Appellant's second assignment of error is without merit.
Next, we address appellant's third assignment of error:
 "[3] The trial court abused its discretion and acted contrary to law when it ordered psychological reports to assist it in its custody determination, then did not consider the evidence adduced in its reports."
 Appellant contends the results of the psychological test were clearly in her favor, but were ignored by the trial court and were not even mentioned in the magistrate's October 21, 1998 decision. Appellant asserts all the investigative information, ordered by the trial court, should have been considered since the only mention of the psychological report was that appellant "lied" to the psychologist.
 The language of R.C. 3109.04(C), Civ.R. 75(D), and R.C. 2317.39 givesthe trial court authority to order custody investigation reports.However, it is the role of the trier of fact to assign weight to an expert's opinions. Pangle v. Joyce (1996), 76 Ohio St.3d 389; Swope v.Cooper (Nov. 7, 2000), Franklin App. No. 00AP-154, unreported, 2000 Ohio App. LEXIS 5140, at 19. Additionally, in making findings and recommendations, a magistrate is not required to recite all the evidence or lack of evidence. Smith v. Smith (1991), 75 Ohio App.3d 679;Kwiatkowski, supra, unreported, 2001 Ohio App. LEXIS 3437, at 5.
In the case before us, although the magistrate's October 21, 1998 decision did not make any reference to the psychological report, the magistrate was not required to recite all the evidence or lack of evidence that it used to make its findings and conclusions. Similarly, the trial court's November 5, 1998 divorce decree and judgment entry, adopting the magistrate's October 21, 1998 decision, did not reference the psychological report; however, contrary to appellant's contention, there is no indication that the trial court "ignored" the psychological report when it was conducting its independent analysis of the magistrate's decision. As stated, it is for the trial court to weigh the evidence and resolve the factual disputes. See Bechtol, supra, at 23. Appellant's third assignment of error is without merit.
Finally, we will review appellant's fourth assignment of error:
 "[4] Whether the trial court abused its discretion and erred as a matter of law when it failed to grant Mother's Stay of Execution of Judgment when timely objections had been filed."
 Appellant argues the fourteen-day time period to file objections to the magistrate's decision is mandatory before a court enters a final judgment, and the November 5, 1998 divorce decree was entered after timely objections were filed and set for oral hearing. Appellant also contends the trial court should have granted her motion to stay the execution of the judgment pending the disposition of the objections or modification of the judgment. Finally, appellant avers the court abused its discretion and erred in denying her Civ.R. 60(B) motion.
Briefly, it is necessary to note that, although appellant's argument, concerning her motion to stay the execution of the judgment, implies that she filed a motion to stay the execution of the trial court's judgment, in actuality, appellant's motion was a request to stay the operation of the magistrate's October 21, 1998 decision. Also, as to appellant's argument concerning the denial of her Civ.R. 60(B) motion, appellant does not raise any specific arguments. Rather, appellant argues "[f]or all the foregoing reasons, the court abused its discretion and erred according to the law when it denied Mother's 60(B) motion."
We begin with appellant's arguments pertaining to the trial court's adoption of the magistrate's decision while timely objections were still pending as well as her motion to stay the operation of the magistrate's decision. Civ.R. 53(E)(3)(a) requires a party to file written objections to the magistrate's decision within fourteen days of the filing of that decision. However, Civ.R. 53(E)(4)(c) provides, in part:
 "The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. The court may make an interim order on the basis of a magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified. An interim order shall not be subject to the automatic stay caused by the filing of timely objections. ***" (Emphasis added.)
 Clearly, pursuant to Civ.R. 53(E)(4)(c), the trial court has the authority to adopt a magistrate's decision and enter judgment without waiting for the fourteen-day period for the parties to file objections to the magistrate's decision. Further, the latter part of Civ.R. 53(E)(4)(c) pertains to the automatic stay of execution of a trial court's judgment when timely objections are filed, not the automatic stay of execution of a magistrate's decision. As stated in appellant's first assignment of error, magistrates do not have authority to render final judgments; rather, the trial court is responsible to review and verify the work of the magistrate. See Kwiatkowski, supra,
unreported, 2001 Ohio App. LEXIS 3437, at 8. A magistrate's decision is not binding until the trial court adopts the decision.
Furthermore, in appellant's November 4, 1998 objections to the magistrate's October 21, 1998 decision, appellant contended it was plain error for the court not to consider and fairly evaluate the psychological test results. Appellant also asserted the court made an incomplete disposition upon remand because the property issues were not referenced. Finally, appellant argued the magistrate's decision was unclear as to what evidence it was referencing, and adultery should not have been a matter for consideration in the custody issue. However, as explained in appellant's previous assignments of error, these arguments are without merit. Thus, there was no legal basis to "stay" the October 21, 1998 magistrate's decision. Consequently, appellant's motion to stay the operation of the magistrate's October 21, 1998 decision is unfounded.
Next, we address appellant's argument concerning the trial court's denial of her Civ.R. 60(B) motion to vacate the trial court's November 5, 1998 divorce decree and judgment entry. To prevail under Civ.R. 60(B), the movant must demonstrate the following: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A trial court's ruling as to a Civ.R. 60(B) motion for relief from judgment will not be disturbed on appeal absent a showing of abuse of discretion.Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
Appellant's argument as to the denial of her Civ.R. 60(B) motion is that, for all the foregoing reasons, the trial court abused its discretion and erred according to the law. Appellant does not set forth any other specific arguments in her appellate brief to support her contention. However, a Civ.R. 60(B) motion may not be used as a substitute for an appeal. State ex rel. Richard v. Cuyahoga Cty.Commrs. (2000), 89 Ohio St.3d 205, 206. Its grounds for relief cannot simply be that the court's decision was wrong. Lindo v. Lindo (Aug. 23, 1996), Ashtabula App. No. 95-A-0026, unreported, 1996 Ohio App. LEXIS 3550, at 7. Appellant did so by referencing "all foregoing reasons." The court indicated at the January 22, 1999 hearing that it had considered the Civ.R. 60(B) motion. Appellant's fourth assignment of error is without merit.
For the foregoing reasons, appellant's first, second, third, and fourth assignments of error are without merit. We affirm the decision of the Portage County Court of Common Pleas, Domestic Relations Division.
JUDGE DIANE V. GRENDELL, FORD, P.J., CHRISTLEY, J., concur.
[1] As an aside, while the appeal was pending, on June 17, 1999, appellant filed a motion for change of custody. A hearing was held on August 17, 1999 to address appellant's motion for change of custody. On August 27, 1999, the magistrate found there was no significant change and appellant's motion was without merit. On September 20, 1999, the trial court filed a judgment entry, adopting the magistrate's decision.
[2] As an aside, upon remand of the case to the magistrate, during the April 1, 1998 hearing, the magistrate rendered an oral disposition of the Sundance automobile and Lancer automobile to appellee, valued at $700 and $100, respectively.