## In re KENNEDY, a Minor.

[Cite as *In re Kennedy* (1994), 94 Ohio App.3d 414.]

Court of Appeals of Ohio,
Marion County.

No. 9–93–49.

Decided April 19, 1994.

*Robert C. Nemo,* for appellant, Cecilia Kennedy.

*Donald Taube,* for appellee, Mark Kennedy.

*James Luton,* for appellee, Marion County Children Services Board.

HADLEY, Judge.

Appellant, Cecilia Kennedy, appeals from a judgment of the Marion County Court of Common Pleas, Juvenile Division, granting the motion of appellee, Mark Kennedy, for a change in parental rights and responsibilities regarding the parties' child, Kelly Kennedy ("Kelly").

Appellant and appellee were divorced in August 1992 and, during that proceeding, appellant was granted custody of Kelly. Appellant admitted herself to a hospital due to mental health problems on September 16, 1992. On September 17, 1992, the Marion County Children Services Board ("MCCSB") filed a complaint alleging that Kelly was a dependent child pursuant to R.C. 2151.04 and a motion requesting that Kelly be placed in the custody of a relative. The trial court granted the motion and ordered emergency temporary custody of Kelly to the relative.

At a subsequent hearing on the complaint, it was stipulated that Kelly was a dependent child. On December 7, 1992, the complaint was adjudicated and the trial court granted temporary custody of Kelly to appellee. In addition, appellant was granted visitation rights and ordered to obtain a psychological evaluation.

On February 17, 1993, the trial court granted MCCSB's motion for emergency orders stemming from charges that appellant's live-in boyfriend sexually abused Kelly. The trial court also ordered that visits, between appellant and Kelly, be supervised by MCCSB.

On April 9, 1993, appellee moved for permanent custody of Kelly. On May 18, 1993, a referee heard testimony regarding appellee's motion for modification of parental rights and responsibilities. The referee filed her report and recommendations on June 7, 1993. Subsequently, appellant filed objections to the report and recommendations on June 24, 1993. On October 12, 1993, the trial court adopted the referee's report and recommendations and ordered that custody be granted to appellee.

It is from this judgment, awarding legal custody to the appellee, that appellant asserts the following assignment of error:

"The trial court erred in failing to apply R.C. 3109.04 in its custody determination."

A trial court's decision in a child custody matter must be upheld absent an abuse of discretion, which constitutes "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Citations omitted.) *Blackmore v. Blackmore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. Therefore, an appellate court must give the trial court the "utmost respect." *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846, 849.

R.C. 2151.23(F)(1) provides that a juvenile court "shall exercise its jurisdiction in child custody matters in accordance with [section] 3109.04 * * *." R.C. 3109.04(E)(1)(a) provides:

"The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

" * * *

"(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

█ Appellant asserts that the trial court applied only the best interest of the child test pursuant to R.C. 2151.415(F) and failed to rely on the requirements set forth in R.C. 3109.04(E)(1)(a). Appellant relies upon *In re Poling* (1992), 64 Ohio St.3d 211, 594 N.E.2d 589, to support her argument.

*In re Poling* has facts similar to this case. In *In re Poling*, the mother was awarded custody of the parties' children pursuant to a divorce decree. Subsequently, the children were found to be dependent and the father filed a motion for custody. A referee's report, which recommended that custody be given to the father, was adopted by the trial court. The mother objected to the referee's report. The Supreme Court of Ohio noted that the referee's report made no reference to former R.C. 3109.04(B). More important, the report included the following positive comments regarding the mother:

" 'Connie Poling has substantially complied with * * * the case plan approved by the Court. She has been consistent in her visitation, she has maintained and improved in housekeeping and she has successfully completed parenting classes. [She] exhibits good interaction with her children, is bonded with them, and is a concerned and loving parent. While [the] mother has had psychiatric problems in the past, she regularly takes medication and is faithful in her counseling. Her mental health is not a current problem.' " *Id.* at 217, 594 N.E.2d at 594.

The report further stated that:

" 'There are no current indications that either parent is incapable of providing care and protection of the children. * * * Given the fact that [the] mother's location is upsetting to the children, and as the children are doing well in the father's home, it is not in their best interests, at this time, for the mother to resume custody.' " *Id.*

The Supreme Court of Ohio stated that "[t]hese factual determinations [fell] far short of the necessary findings required to modify custody." *Id.* at 217–218, 594 N.E.2d at 594. Thus, it remanded the case to the trial court and declared that the trial court must "exercise its custody jurisdiction" pursuant to R.C. 3109.-04(E)(1)(a). *Id.* at 218, 594 N.E.2d at 594–595.

█ We note that a judgment entry "may be general" unless a party makes a specific request for separate "findings of fact and conclusions of law." Civ.R. 52. However, the judgment entry must have some evidence which supports the elements of the applicable statute. *Well v. Well* (1990), 70 Ohio App.3d 606, 609, 591 N.E.2d 843, 845. In the instant case, the trial court viewed the motion as a

motion to modify disposition pursuant to R.C. 2151.353 and 2151.415 and referred to the best interest standard pursuant to those sections. Despite the lack of reference to R.C. 3109.04 and the absence of specific statutory language, the referee's report and recommendations clearly included language which supported the requirements of R.C. 3109.04(E)(1)(a). Therefore, appellant's reliance on *In re Poling* is misguided, since it is distinguishable from the case herein. Unlike the judgment entry in *In re Poling,* the referee's report in this case contains the necessary factual determinations.

The report contained sufficient facts to find that a change in circumstances had occurred, the modification would be in the best interests of the child, and the harm of changing the child's environment is outweighed by the benefits of changing the environment. More specifically, the referee found that:

"The father * * * has had temporary custody of the minor child since September 1992. * * * This arrangement came about as a result of a dependency action filed by Marion County Children Services Board. [The] [m]other * * * was unable to adequately provide for the child at that time due to emotional stress. Subsequently, the child disclosed that she had been sexually abused by the mothers' [*sic*] boyfriend. While the allegation has not been proved, the childs' [*sic*] counselor and Marion County Children Services Board are concerned with the child having contact with [the] mothers' [*sic*] boyfriend * * * [who] has a long-standing drinking problem. It has been stated that he has been sober for a period of three months. All this time has been without the child in the home. Ms. Kennedy recognizes these concerns and states she is willing to give up * * * [the boyfriend, but she] has continued to maintain her relationship * * * and all future plans reported to the Court include him in the picture. * * * [Additionally,] she has failed to continue taking her medication and seeing her Doctor and has engaged in self-evaluation concerning her need for continuing these medications and services."

Thus, it can be concluded that the referee's report met the requirements of R.C. 3109.04(E)(1)(a) and appellant's assignment of error is not well taken.

Having found no error prejudicial to the appellant herein, we affirm the judgment of the Marion County Court of Common Pleas, Juvenile Division.

*Judgment affirmed.*

SHAW, P.J., and THOMAS F. BRYANT, J., concur.