[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken by appellant Dwane D. Bunten from a judgment of the Court of Common Pleas of Union County modifying the visitation schedule between appellant and appellee Cindy S. Bunten.
On December 27, 1989, Appellant and Appellee were married. Two children were born during the marriage: Myles H. Bunten (D.O.B. 3-2-91) and Breeann M. Bunten (D.O.B. 7-14-92). On November 7, 1993, a divorce was granted. At that time, a shared parenting arrangement was entered and approved by the trial court. According to the original plan, the children lived a week at a time with each parent in alternate weeks. When Myles reached the age of five, the children alternated homes on a bi-weekly rather than weekly basis. This arrangement continued until Myles entered school and the parties began alternating on a monthly basis.
On August 18, 1997, Appellant filed a motion to modify the shared parenting plan by designating one parent as the residential parent for the purpose of school registration and to require the parties to take the children to their sporting activities. On August 22, 1997, Appellee filed a motion contra to Appellants' motion. On August 25, 1997, the trial court entered judgment revising the shared parenting plan from a monthly exchange to a yearly exchange, as set by the school calendar. On September 19, 1997, Appellant filed his notice of appeal. This court, on February 26, 1998, remanded the judgment to the trial court for the taking of additional evidence.
Upon remand, the trial court scheduled a hearing on May 19, 1998. The trial court then interviewed the children on June 1, 1998. On June 9, 1998, the trial court entered judgment designating Appellee residential parent and providing Appellant with the standard visitation. It is from this judgment that Appellant appeals.
Appellant makes the following assignments of error:
 The trial court erred in terminating the shared parenting plan between the parties as it was not in the best interests of the children.
 The trial court erred in disregarding the provisions of R.C. 3109.04(B)(2), (E), and (F) and in disregarding the wishes of the children.
 The trial court erred in dramatically reducing the companionship periods of Appellant.
The three assignments of error all address the trial court's conclusions of law based upon the findings of fact. Thus, we will address all the assignments together.
When deciding whether a modification of custody is appropriate, the court must determine three things. (1) Has there been a change in circumstances? (2) Is this modification in the best interest of the child? (3) Will the harm that will result from the change be outweighed by the benefits that will result from the change? In re Kennedy (1994), 94 Ohio App.3d 414,640 N.E.2d 1176. Unless the record supports an affirmative answer to each of these questions, the modification is not appropriate under R.C. 3109.04(E) and is contrary to law. Davis v. Flickinger
(1997), 77 Ohio St.3d 415, 674 N.E.2d 1159. However, "[w]here an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court."Id. at 418, 674 N.E.2d 1162.
In this case, the trial court found that the shared parenting plan was not working because it denied the children the stability of having one home. In addition, the plan called for the residential parent to change each month, which created a residential problem for the purpose of school registration since the parents live in different school districts. Thus, the trial court determined that the plan was no longer in the best interests of the children.[1] The trial court then terminated the shared parenting plan and found that Appellee would be the parent most likely to facilitate visitation. Based upon these findings, the court named Appellee residential parent for all purposes and granted Appellant standard visitation, which is considerably less time than he was previously permitted to spend with his children.
We note that based upon the evidence in the record, we would not have reached the same decision. The children both expressed a desire to reside, at least for half of the time, with Appellant. Appellant testified that he would do everything he could to maximize the time the children would spend with Appellee as well as himself since he realized that the children needed both parents. In addition, Appellant testified that he was willing to transport the children to Mill Valley School so that the children would have stability in their lives. Appellant also stated that he believed he and Appellee could work together to raise their children. Appellee, on the other hand, testified that she could not work jointly to reach decisions with the father concerning the care of the children. She believed that she should have sole custody of the children with Appellant granted visitation. In addition, Appellee testified that when she had custody of the children, she had denied Appellant's request to pick up the children early since the court order stated that Appellant's visitation did not start until 7:00 p.m. Friday night. Appellee also testified that if she had something to tell Appellant about the children, she sent a note with them. Despite this testimony, as well as the trial court's own statements that it perceived Appellee as being immature and irresponsible, the trial court named Appellee as the residential parent.
Although we would not have reached the same conclusion as the trial court, we cannot say that the trial court abused its discretion. Appellee's job is operating a child day care business from her home, which permits her to be home at all times for the children. Appellee testified that she was involved in the children's school and activities. She also testified that she would work in the future with Appellant to jointly make decisions for the children. Appellant testified that Appellee would return his phone calls concerning the children. Since there is some evidence to support the trial court's findings of fact and conclusions of law, we must affirm the decision. The assignments of error are overruled.
The judgment of the Court of Common Pleas of Union County is affirmed.
Judgment affirmed.
 SHAW, P.J., concurs.
HADLEY, J., concurs in judgment only.
[1] The problem could easily have been resolved by amending the shared parenting plan to designate one parent as the residential parent for the purpose of school registration.