OPINION
Appellant, James E. Fox ("James"), appeals a judgment of the Common Pleas Court of Marion County modifying visitation rights pursuant to R.C. 3109.04(E)(1) and R.C. 3109.051(D), changing residential parent status to Appellee, Beth A. Rowe ("Beth"). For the reasons expressed in the following opinion, we affirm the judgment of the trial court.
On June 18, 1993, James and Beth were married in Marion, Ohio. On June 17, 1994, the couple gave birth to their only child, Kody James Fox ("Kody"). Kody suffers from an asthmatic condition and occasionally requires medical attention and the aid of a machine to facilitate breathing.
The couple was divorced approximately three years later on October 21, 1997. In accordance with the divorce decree, James was designated as residential parent for the minor child. The original divorce decree provided that Beth would have companionship with the minor child during the first week and the third weekend of every month.
Soon after the divorce became final, the couple began experiencing problems in complying with the terms of the decree. As a result, Beth filed a motion for contempt on January 30, 1998, against James alleging, among other things, that James willfully denied her visitation and telephone access with the minor child. Subsequently, on June 4, 1998, Beth filed a motion for change of custody.
On November 16, 1998 James filed a motion for contempt against Beth alleging that Beth failed to provide child care information, failed to cover the parties' minor child under an insurance plan for medical care, failed to notify James where Kody was staying during companionship visits, and failed to allow him telephone communication with the parties' minor child. James also requested the court to reduce Beth's companionship with Kody.
On March 12, 1999, these matters came on for hearing. The trial court issued a Judgment Entry on April 13, 1999, modifying custody and naming Beth as residential parent of Kody. Beth's motion for contempt was sustained with respect to visitation, and was denied as to the other claims. James' motion for contempt regarding failure to provide childcare information was sustained, but the court held that Beth purged herself of the contempt by providing the current day care information to James.
James then filed the instant appeal. The sole issue presented is whether the trial court correctly modified custody naming Beth as the residential parent of Kody. Accordingly, Appellant raises the following assignment of error:
 The trial court's decision granting a change in custody from father to mother is not supported by the evidence and constitutes an abuse of the court's discretion by:
 A. Placing undue emphasis on the denial of visitation.
 B. Failure to give any consideration on [sic] the father being the primary care giver for the child.
 C. No evidence to support a finding that the child's or the residential parent's circumstances have changed and the child's present environment endangers him.
The power of a court to modify an existing custody decree is provided in R.C. 3109.04(E)(1)(a), which states, in pertinent part:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
* * *
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
We note at the outset that a decision to modify custody pursuant to this statute will not be disturbed on appeal absent an abuse of discretion. Davis v.Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus. This standard of review is applied because it is imperative that trial courts are given wide latitude in these cases. Id. at paragraph two of the syllabus. An abuse of discretion has been defined as a decision that is arbitrary, unreasonable or unconscionable. Blakemore v.Blakemore(1983), 5 Ohio St.3d 217,219.
A trial court essentially applies a three-part test in determining whether modification of child custody is appropriate under the circumstances: (1) whether there has there been a change in circumstances; (2) whether a modification is in the best interest of the child; and (3) whether the harm resulting from the change will be outweighed by the benefits. Thatcher v.Thatcher (Oct. 6, 1997), Mercer App. No. 10-97-08, unreported, citing In re Kennedy (1994), 94 Ohio App.3d 414.
With respect to the first prong of the above-mentioned test, the Supreme Court of Ohio has stated that a change in circumstances does not need to be substantial; only that it be substantiated by the evidence. Davis, 77 Ohio St.3d 415. The evidence herein indicates that James occasionally smokes around the parties' minor child, which is detrimental to the child's asthmatic condition, and that the child has, on several occasions, become ill and received hospital treatment. While the evidence suggests that the child became sick on several occasions after returning from visits with his mother, the record is unclear as to the cause of each illness. The evidence also established that James did not always take Kody to the doctor when he became ill. In fact, on one occasion Kody was hospitalized for an asthmatic condition and James removed him from the hospital against medical advice.
The evidence also demonstrates that James has, on numerous occasions, denied visitation rights in clear violation of the divorce decree. Appellant cites Marshall v.Marshall (1997), 117 Ohio App.3d 182, as authority for the fact that modification of child custody cannot be used as punishment for one party's failure to allow visitation. However, in Ohio, it is well settled that interference with visitation rights by the custodial parent may be considered both as a change in circumstances, and as a factor in determining the best interest of a child in modifying the allocation of parental rights. Clark v. Smith
(Dec. 8, 1998), Seneca App. No. 13-98-22, unreported, citing Holm v. Smilowitz
(1992), 83 Ohio App.3d 757; R.C. 3109.04(F)(1)(f),(i).
The record further demonstrates that these visitation denials have occurred frequently. It is also noted in the record that on the evening prior to trial James asked Beth if she would relinquish her parental rights to Kody in order to allow James' girlfriend to adopt Kody. James appears opposed to the idea of Beth being involved in the care of the parties' child and a reasonable inference from his testimony is that he will, in the future, deny visitation rights. Based on James' testimony and his demeanor and attitude at trial, the court concluded that James would fail to comply with the terms of a custody decree in the future. Likewise, we conclude there is a substantial amount of competent and credible evidence in the record to support the trial court's decision that a substantiated change of circumstances has occurred for which modification of child custody is warranted. Therefore, we cannot find that the trial court abused its discretion in this determination.
With regard to the second prong of the aforementioned test, this court must determine whether the trial court abused its discretion in determining whether modification of custody was in the best interest of the minor child. In determining the best interest of the child, R.C. 3109.04(F)(1) states that a trial court shall consider all relevant factors, including, but not limited to:
 (a) The wishes of the child's parents regarding his care;
 (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving * * * [child abuse, neglect or domestic violence]; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
With regard to the determination of the child's best interest, the record demonstrates that the child has a good relationship with each parent and all other relatives living in or having regular contact with each household. The record also demonstrates that the child has adjusted well to each home, school and community. The record also supports the fact that each party is of sound mental and physical health to provide adequate care and support for the child.
The factors that weigh in favor of Beth concern James' continuous and willful denial of visitation rights in violation of the divorce decree. As previously discussed, the record indicates that James has denied visitation rights on numerous occasions and is likely to do so in the future. Furthermore, the trial court witnessed both parties' demeanor and attitude at trial and is in the best position to determine which party is more likely to honor and facilitate visitation and companionship rights in the future. In addition, the evidence establishes that the child's socialization and academic skills would be enhanced with Beth's supervision. And, Stephanie Kreisher, a family service coordinator for the Marion County Domestic Relations Court, testified, based upon her investigation and experience, that Beth would be the better residential parent of the child. Therefore, we cannot say the trial court abused its discretion in determining the best interest of the child after weighing the factors found in R.C.3109.04(F)(1).
Finally, this court must determine whether the trial court complied with R.C. 3109.04(E)(1)(a)(iii) in determining whether the benefit from the modification of child custody outweighs the harm involved in such a change. The most crucial factor to consider in the modification of custody is the best interest of the child. It is important that the child be in an environment that is most conducive to his well-being. It is also essential that the child be provided with the opportunity to visit and have companionship with each parent until he reaches the age where he can make these decisions without the aid of the court.
The record indicates that each parent wishes to and is capable of providing a loving home for the child. The record establishes that Beth and her husband are fully prepared to care for the child and have provided a room for him in their home, and that she plans to send Kody to pre-school for educational purposes. The evidence also establishes that Beth's husband does not plan on taking over the father role, to the exclusion of James, and that he plans to facilitate and cooperate fully with James' visitation rights. On the other hand, the record indicates that James has a history of impeding Beth's visitation rights and there is further evidence that James has repeatedly sought to have his girlfriend become the adopting parent of Kody. Based upon this evidence, we cannot hold that the trial court abused its discretion in determining that the benefits of modification of custody outweigh any potential harm.
Appellant's sole assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.