Appellant, Miguel E. Rodriguez, Jr. ("Miguel"), appeals a judgment of the Common Pleas Court of Hancock County denying his motion to modify child custody. For the reasons expressed in the following opinion, we affirm the judgment of the trial court.
On October 30, 1989, Miguel, and Robin L. Rodriguez ("Robin"), were married. On May 27, 1997, the couple obtained a dissolution decree from the Common Pleas Court of Hancock County, Domestic Relations Division. Miguel and Robin have two children from their marriage, Matthew R. Rodriguez ("Matthew"), born June 20, 1988, and Cordero M. Rodriguez ("Cordero"), born October 16, 1991. The parties' separation agreement designated Robin as the sole residential parent and legal custodian of the parties' minor children, and provided that Miguel shall have visitation rights with the children.
On October 9, 1997, approximately four months after the dissolution, Miguel filed a motion to modify custody, citing a change of circumstances between June and October of 1997. The Magistrate found that there was no change of circumstances and recommended that the motion be overruled. The trial court subsequently overruled Miguel's objections and approved the Magistrate's decision.
Miguel appealed, raising as his sole issue, whether the trial court correctly denied Appellant's motion to modify custody. For the reasons that follow, we affirm the trial court's decision.
Assignment of Error No. 1
 The trial court erred and abused its discretion when it overruled and dismissed at the close of Defendant-Appellant's case-in-chief the Defendant-Appellant's motion for reallocation of parental rights and responsibilities when the trial court ruled that there had been no change of circumstances established at trial with regard to the residential parent or the minor children.
R.C. 3109.04(E) requires a finding of a change in circumstances in order to modify custody. Davis v. Flickinger
(1997), 77 Ohio St.3d 415, syllabus one. A change in circumstances does not have to be substantial, it only needs to be substantiated by the evidence. Id. at 417. The trial court's decision will not be overturned by the reviewing court absent a finding of abuse of discretion. Id. at syllabus one. An abuse of discretion has been characterized as a decision that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1993), 5 Ohio St.3d 217.
The trial court applies a three-part test in determining whether modification of custody is appropriate under the circumstances: (1) Whether there has been a change in circumstances; (2) Whether a modification is in the best interest of the child; and (3) Whether the harm that will result from the change will be outweighed by the benefits resulting from the change. Thatcher v. Thatcher (Oct. 6, 1997), Mercer App. No. 10-97-08, unreported, citing In re Kennedy (1994), 94 Ohio App.3d 414. An affirmative answer to each question is necessary to support a modification of custody pursuant to R.C. 3109.04(E).Thatcher, Mercer App. No. 10-97-08.
Miguel argues that several events arising since the dissolution have created a change in circumstances. He first argues that Robin's current boyfriend, Todd Achten ("Todd"), has had a detrimental effect on the children. Miguel also argues that the children have had recent academic and disciplinary problems in school.
The record reflects that since the dissolution, Robin and Todd have been caring for the parties' minor children. Since January 1998, Robin, Todd, and the children have been living together. The record also reflects that on more than several occasions Miguel and Todd have engaged in verbal altercations in which each has uttered racial and/or derogatory remarks concerning the other. Testimony differs, however, with respect to whether Matthew and Cordero were present during the aforementioned altercations. The trial court found that the impact of these actions on the children is unknown.
Miguel argues that Robin's relationship with Todd is detrimental to the well being of Matthew and Cordero because Robin and Todd are living together unmarried, and also because of the racial remarks made by Todd. Miguel also raises the fact that Todd has two convictions for domestic violence, one in 1993 and the other in 1995. The evidence, however, established that no such incident has occurred in Robin's relationship with Todd.
Miguel also suggests that a recent academic and disciplinary problem with Matthew and Cordero has created a change in circumstances. The evidence reveals that although the children have had disciplinary problems since the parties' dissolution, this is not a change in circumstances.
We agree with the trial court in that Miguel has failed to demonstrate that there was a change in circumstances between June and October of 1997, sufficient for the court to further consider modification of custody. The trial court correctly found there was no evidence to indicate that Robin's relationship with Todd has had any detrimental effect on Matthew and Cordero. The record reflects that Todd was not even living with the children until January, 1998. The trial court also correctly found there was no evidence to indicate that the children's behavior changed significantly during this four-month period. The decision below was neither unreasonable, arbitrary, nor unconscionable.
 We therefore cannot say the trial court abused its discretion in this matter. Appellant's first assignment of error is overruled.
 Assignment of Error No. 2 The trial court erred when it ruled that there had been no change in circumstances established at trial with regard to the residential parent or the minor children as same was against the manifest weight of the evidence.
A judgment relating to child custody will not be reversed by the reviewing court as being against the manifest weight of the evidence when it is supported by a substantial amount of competent, credible evidence. Marshall v. Marshall (1997),117 Ohio App.3d 182, citing Bechtol v. Bechtol (1990), 49 Ohio St.3d 21.
As the Supreme Court pointed out in Davis v. Flickinger
(1997), 77 Ohio St.3d 415, the standard of review in modification of custody issues is abuse of discretion. We concluded, above, that the trial court did not abuse its discretion in reaching its decision. Based upon our review of the evidence outlined in the preceding analysis, we likewise conclude that the trial court's decision is supported by a sufficient amount of competent, credible evidence.
Appellant's second assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed
 HADLEY and SHAW, JJ., concur.