OPINION
Appellant, Mary Alice Brodman, appeals from the judgment of the Wyandot County Court of Common Pleas, Juvenile Division, modifying a child custody order.
On December 15, 1997, appellant filed a complaint to establish a parent-child relationship between Brandon David Yeater, born June 3, 1997, and appellee, Matthew Yeater. By a consent judgment entry filed January 26, 1998, the trial court found appellee to be the natural father of the child. The agreement between the parties incorporated into that judgment entry named appellant residential parent and legal custodian of the child.
On December 8, 1999, appellee filed a motion to reallocate parental rights and responsibilities claiming a change in circumstances of the parties and the best interests of the child dictated that he be designated as the custodial and residential parent of the child. After a hearing was held on February 28, 2000, the magistrate recommended that appellee be designated the residential parent of the child.
On April 10, 2000, appellant filed her objections to the magistrate's decision. The trial court overruled the objections and adopted the magistrate's decision on May 4, 2000. The trial court then filed a judgment entry in which it modified custody and reallocated parental rights and responsibilities to appellee.
In the instant appeal, appellant asserts two assignments of error for our review. For her first assignment of error, she asserts:
 The trial court erred and abused its discretion in denying appellant's request for a continuance of the trial on appellee's motion for modification of custody.
 It is well established that the decision whether to grant or deny a continuance is within the sound discretion of the trial court and should not be reversed on appeal absent an abuse of that discretion. State v. Unger (1981), 67 Ohio St.2d 65, 67. This court recently stated the standard of review relative to a decision on a motion for continuance in Burton v. Burton (Aug. 18, 1999), Union App. No. 14-99-17, unreported, 1999 WL 693153. In Burton, at *2, we stated:
 The review of a decision on a motion for a continuance requires the appellate court to apply a balancing test, weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party. There are objective factors that a court must consider in determining whether to grant a continuance. These factors include the length of the delay requested; whether previous continuances have been granted; the inconvenience to the parties, witnesses, attorneys and the court; whether the request is reasonable or purposeful and contrived to merely delay the proceedings; and whether the movant contributed to the circumstances giving rise to the request. Unger, 67 Ohio St.2d at 67-68, 423 N.E.2d 1078.
 Because the record in Burton failed to demonstrate whether the trial court considered any of the objective factors and based on the state of the record with respect to the Unger factors, we found the denial of a continuance to be an abuse of discretion. In that case, we noted that the facts should have put the trial court on notice that defendant may have been abandoned by counsel that she presumed was representing her, yet the court did not conduct a hearing on the issue. Furthermore, both the Thanksgiving and Christmas holidays occurred during the time interval in question, there were no previous requests for a continuance by either party, and neither party had issued subpoenas for witnesses who might be inconvenienced by any delay in the proceedings.
This case is, however, distinguishable from Burton because the trial court, as had the magistrate, amply considered the Unger factors. Furthermore, the facts herein are distinguishable. Here, the record indicates that on December 30, 1999, appellant was personally served with a copy of the motion for modification along with notice of the February 28, 2000 hearing. It was not until February 15, 2000 that a notice of appearance on appellant's behalf was filed and a request for continuance because counsel had a scheduled murder trial in Marion County. When the trial court overruled this motion, it noted that one and one-half days was dedicated for the hearing and that many witnesses were scheduled to appear. The court also noted the fact that the request for continuance was made two weeks prior to the day of the scheduled hearing and without the consent of opposing counsel (as required by local rule). In a February 22, 2000 judgment entry denying a motion for reconsideration, the trial court found the dilemma appeared to be created in part by appellant's delay in seeking counsel.
Just before the February 28th hearing, counsel renewed the motion for a continuance. The magistrate specifically inquired of appellant to determine whether it was proper to proceed with the hearing at that time. Appellant advised the magistrate that she had contacted two other attorneys, neither of whom would take her case, prior to contacting her "present counsel." Although appellant first contacted an attorney about two weeks after receiving service of the hearing, she waited until the end of January before contacting the second attorney, and she then waited almost another two weeks before contacting her "present attorney" on February 14, 2000, who already had a conflict. As evidenced by the transcript of the hearing, the magistrate concluded that appellant's efforts were insufficient and the delay was attributed to her efforts to locate counsel in a timely fashion. On March 13, 2000, his decision was rendered and to which appellant filed objections. In its ruling upon the objections, the trial court stated:
 On the date of hearing, Plaintiff renewed her Motion for a Continuance. The Magistrate in considering the request weighed the considerations cited in State v. Unger (1981), 67 Ohio St.2d 65. Among the considerations were the delays of Plaintiff in seeking counsel and her less than diligent efforts to obtain an attorney, Defendant's 15 witnesses, eleven of whom had been subpoenaed and the time the Court had set aside for the proceeding. Further Plaintiff failed to alert the Court of her alleged difficulties until such a time when it would be unlikely that the Court could reschedule so that other litigants could use the time set aside for the parties' hearing.
 Under the circumstances here, as evinced from the record, we cannot find that the trial court abused its discretion when it denied appellant's request for a continuance. As noted above, the facts of the present case indicate appellant had two months to retain counsel before the scheduled date for the hearing, and the opposing party and the court would be inconvenienced by any delay in the proceedings. Furthermore, the trial court undoubtedly felt that appellant was not diligent in her efforts to retain counsel. Accordingly, appellant's first assignment of error is overruled.
For her second assignment of error, appellant asserts:
 The trial court erred and abused its discretion in granting appellee's motion for a modification of custody when the facts and circumstances herein did not warrant a modification of custody.
 R.C. 3109.04(E)(1)(a) governs a modification of an existing custody arrangement. Under the standard set forth in the statute, the trial court shall not modify a prior custody arrangement unless it finds that: (1) there has there been a change in circumstances with respect to either the child or the party who has custody of the child, (2) the modification is in the best interest of the child, and (3) the harm resulting from the change will be outweighed by the benefits. Thatcher v. Thatcher (Oct. 6, 1997), Mercer App. No. 10-97-08, unreported, at *2, 1997 WL 619808, citing In re Kennedy (1994), 94 Ohio App.3d 414 . The trial court's decision will be upheld absent a showing of an abuse of discretion. Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
In maintaining that a modification of custody was an abuse of discretion, appellant asserts that she is currently on third shift at her job while the complaints involved were largely a result of her being bumped to a second shift position.
A trial judge has wide latitude to consider all issues which support a change in circumstances so as to warrant a change in custody. Davis v.Flickinger (1997), 77 Ohio St.3d 415, 416. The magistrate, who recommended that the child be placed in the father's custody, found that lack of adult supervision of this young child and the less than reasonable degree of care he received constituted a sufficient change in circumstances. The record shows that several neighbors testified that they have observed Brandon run into the street unsupervised or under supervision of older children. In fact, two other witnesses testified of incidents where traffic had stopped because of Brandon being in the street. Additionally, the father's parents picked Brandon up for scheduled visits and they described him as suffering from poor hygiene and wearing improper clothing. They further stated appellant would usually not be at home. There was also testimony regarding a safety concern of Brandon not being restrained in a car safety seat while in appellant's car and concern over appellant's follow-up treatment after Brandon's burn incident.
After reviewing the record, we find no abuse of discretion by the trial court in finding that a change of circumstances had occurred. This court also finds that the trial court did not abuse its discretion in determining that it was in Brandon's best interest to designate appellee as his residential parent, and that any harm caused by a change of environment was outweighed by the advantages of the change of environment to the child.
Accordingly, appellant's second assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
WALTERS and BRYANT, JJ., concur.