OPINION
This is an appeal from the judgment of the Marion County Court of Common Pleas, Domestic Relations Division, denying the motion for change of custody filed by Kevin Meade, defendant-appellant.
On May 18, 1999, appellant filed his motion for change in custody of the parties' minor son, Joshua, born May 12, 1987. In his motion, appellant alleged that Joshua has expressed a desire to reside with him. The mother, Angela Meade, n.k.a. Angela Cauley, has had custody of the child since the parties' divorce in 1990.
On March 9, 2000, a hearing was held on the matter. On March 30, 2000, appellant's motion was denied. Appellant now appeals and raises the following assignment of error:
 The trial court abused its discretion in denying a change of custody of the parties' minor son from plaintiff-appellee to defendant-appellant.
 R.C. 3109.04(E)(1)(a) governs a modification of an existing custody arrangement. Under the standard set forth in the statute, the trial court shall not modify a prior custody arrangement unless it finds that: (1) there has there been a change in circumstances with respect to either the child or the party who has custody of the child, (2) the modification is in the best interest of the child, and (3) the harm resulting from the change will be outweighed by the benefits. Thatcher v. Thatcher (Oct. 6, 1997), Mercer App. No. 10-97-08, unreported, at *2, 1997 WL 619808, citing In re Kennedy (1994), 94 Ohio App.3d 414.
In Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418, the Ohio Supreme Court recently stated that:
 In determining whether a "change" [in circumstances] has occurred, we are mindful that custody issues are some of the most difficult and agonizing decisions a trial judge must make. Therefore, a trial judge must have wide latitude in considering all the evidence before him or her — including many of the factors in this case — and such a decision must not be reversed absent an abuse of discretion. Miller v. Miller (1988), 37 Ohio St.3d 71, 523 N.E.2d 846.
 Appellant argues that the change in circumstances warranting a modification of custody involves the child's poor grades, his depression, his low self-esteem, and the child's wishes to live with him. Additionally, appellant maintains that the evidence, including the recommendation of the guardian ad litem and the counselor's opinion as reflected therein, shows that a change to his care would serve the child's best interests.
The record discloses that the judgment entered by the trial court specifically recognizes the minor child's wishes but the court went on to state that such expressed interest alone does not indicate there was a change in circumstances. Further, the court found that the child has shown improvement since commencing treatment for depression. Additionally, the court found that the mother's home has an established routine and structure that provides stability for the child. As the trial court had the opportunity to observe the various witnesses and weigh the evidence surrounding the issues, we cannot find that the trial court abused its discretion in finding that there was not a change in circumstances sufficient to warrant a modification in custody.
Additionally, the trial court found that appellant has failed to demonstrate that a modification was necessary to serve the best interests of the child. The child has been with the mother since the divorce and there was no evidence in the record of concern as to the mother's care of the child. Appellant has been, however, charged with domestic violence and assault on prior occasions and the court thus found that his pattern of violent behavior gave it concern about him being a suitable custodial parent. Therefore, despite the recommendation of the guardian ad litem and the child's wishes, we find that the trial court was within its discretion in finding that it was in the child's best interests to remain with his mother.
For the foregoing reasons, the trial court did not abuse its discretion in denying appellant's motion for modification. Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 WALTERS and BRYANT, JJ., concur.