OPINION
Second petitioner/appellant Jennifer J. (Kelley) Frank ("mother") appeals the January 9, 2001 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division, which designated first petitioner/appellee Randy E. Kelley ("father") as residential parent of the parties' minor child.
 STATEMENT OF THE FACTS AND CASE
Mother and father were married on May 14, 1988, in Newark, Ohio. One child was born as issue of said union, to wit: Ashlie Nicole Kelley (DOB 10/9/88). On April 29, 1992, the parties filed a Joint Petition for Dissolution of Marriage. The trial court granted the parties' petition via Decree of Dissolution of Marriage filed June 10, 1992. The decree incorporated the separation agreement of the parties. Pursuant to the separation agreement, mother was designated to be the residential parent of Ashlie.
Subsequently, on February 23, 2000, father filed a Motion to Show Cause and Motion to Designate [Father] the Primary Residential Parent; Request for Attorney Fees and Notice of Oral Hearing. Father moved the trial court to order mother to appear and show cause why she should not be punished for failing to comply with the June 10, 1992 Decree of Dissolution, which required her to notify the trial court of her intent to relocate. Mother thereafter filed a Notice of Intent to Relocate. The trial court scheduled a hearing for July 20, 2000. Via Judgment Entry filed January 9, 2001, the trial court designated father as the residential parent of Ashlie, thereby modifying the June 10, 1992 Decree.
It is from this judgment entry mother appeals, raising as her sole assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN MODIFYING PARENTAL RIGHTS WHERE IT IMPROPERLY APPLIED OHIO REVISED CODE SECTION 3109.04 TO THE FACTS PRESENTED AT TRIAL.
 I
Herein, mother maintains the trial court abused its discretion in modifying the parties' parental rights because it improperly implied R.C. 3109.04.
A trial court has broad discretion in determining issues relating to child custody.[1] Accordingly, we will not reverse a trial court's judgment in custody matters absent a finding of an abuse of discretion.[2] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[3]
The power of a trial court to modify an existing custody decree is provided in R.C. 3109.04(E)(1)(a), which states:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and * * *
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
A trial court essentially applies a three-part test in determining whether a modification of child custody is appropriate. The test is: 1) whether there has been a change in circumstances; 2) whether a modification is in the best interest of the child; and 3) whether the harm resulting from the change will be outweighed by the benefits.[4]
Where the record supports an affirmative answer to each question, the modification is appropriate under R.C. 3109.04(E) and is not contrary to law.[5]
The record reveals, in January 2000, mother began to commute from Newark to Oak Harbor to be closer to her then boyfriend, Scott Frank.[6]
Mother secured employment at Coastal Marine in Port Clinton. During the week, mother resided with Frank, while Ashlie and her half sister, Abbie, resided with their maternal grandmother in Newark. Mother returned to Newark on Saturdays. Mother's visits with Ashlie were limited to the weekends on which father did not have visitation.
As of the date of hearing, July 20, 2000, mother had been residing with Frank and her daughter, Abbie, in a one bedroom condominium. Mother and Frank occupied the only bedroom. When Ashlie visited, Ashlie, Abbie, and Frank's six year old daughter shared a sofa bed. Frank's twelve and sixteen year old sons slept on a couch on a porch.
Sharon Martincic, a fifth grade teacher at Madison Elementary in Newark, testified she was Ashlie's home room teacher for the 1999-2000 academic year. Ms. Martincic also taught Ashlie's science, math, and health classes. Mother did not attend the parent-teacher conference scheduled in February, 2000. An interim grade report delivered on February 14, 2000, revealed all of Ashlie's grades had gone down except for her science grade. Father met with Ashlie's teacher to discuss the situation. Father subsequently began to assist Ashlie in her studies and with her homework.
The testimony at the hearing also revealed most of Ashlie's family is in the Newark area, including mother's brothers, sister, mother, father and grandparents, and father's mother, brother and sisters. Father lives in a three bedroom home with his current wife of five years, who was expecting a child in August, 2000, and their seventeen month old daughter. The guardian ad litem raised concerns about Ashlie's physical living arrangements at mother's residence. The guardian ad litem also testified she believes a more stable system of family interactions exists in Newark, and recommended Ashlie remain in the area in the custody of her father.
Upon review of the entire record in this case, we find the trial court had substantial competent, credible evidence upon which to base its decision to modify the allocation of parental rights and responsibilities with respect to Ashlie; therefore, it did not abuse its discretion in doing so.
Mother's sole assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to second petitioner/appellant.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. Sheila G. Farmer, J. concur.
[1] Davis v. Flickinger (1997), 77 Ohio St.3d 415, 421.
[2] Id. at 418.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[4] In re Kennedy (1994), 94 Ohio App.3d 414.
[5] Id.
[6] Mother has since married Mr. Frank.