OPINION
This appeal arises from a decision by the Allen County Common Pleas Court, Domestic Relations Division, dismissing the objections filed by Plaintiff-Appellant, Michael Bailey ("Appellant"), and entering judgment on the magistrate's decision. On appeal, Appellant contends that because his son resided with him for over a year, he should be designated the sole residential parent or, in the alternative, that the current shared parenting arrangement should be modified allowing him primary custody subject to visitation with the child's mother. Because the record supports that the child's residence with Appellant was a temporary arrangement for a specific purpose and a change in the parties custodial status would not be in the child's best interest, we find that the trial court did not abuse its discretion.
The facts leading to this appeal are as follows. Appellant and Rae Hinkle ("Appellee") were divorced on February 2, 1996. At that time, the parties entered into a shared parenting plan where their oldest child would reside with Appellant, and their other three children would reside with Appellee, subject to visitation with each parent. Notably, all of the children except for the youngest son have since been emancipated; therefore, this proceeding only concerns custody of the unemancipated child.
In the fall of 1998, the child began to reside with Appellant and his current spouse. While Appellant claims that the arrangement was supposed to be permanent, testimony adduced at trial supports that Appellee agreed to the living situation on a temporary basis to allow her to care for her ailing husband. In February 2000, Appellee requested that the parties return to the court ordered custody arrangement. Thereafter, Appellant filed a motion to modify the original custody decree to make him the sole residential parent or, in the alternative, to make him the primary custodian subject to visitation with Appellee.
After a hearing on the matter, the magistrate determined that the evidence failed to demonstrate that a change in custody would be in the child's best interest or that the harm caused by a change would be outweighed by the potential benefits. By overruling the objections filed in response to the magistrate's recommendation, the trial court concurred with the magistrate's findings. Accordingly, the original custody decree remained in force, subject only to a change in Appellant's visitation, which would better accommodate his work schedule.
From the trial court's decision, Appellant brings this appeal asserting the following sole assignment of error.
 Assignment of Error I That the trial court committed error prejudicial to the plaintiff, Michael Bailey, in overruling his motion for modification of parental rights and responsibilities as to the primary placement of the minor children and that the same is an abuse of discretion by the trial court.
Appellant contends that he should be made the sole residential parent and legal custodian of his unemancipated son based primarily upon the parties' informal living arrangement beginning in the Fall of 1998 and ending in February of 2000. For the following reasons, we find that the trial court did not abuse its discretion by denying Appellant's motion for modification.
As an initial matter, we note that appellate courts must apply an abuse of discretion standard when reviewing a trial court's determination concerning a modification of parental rights.[1] An abuse of discretion suggests that the trial court's attitude was unreasonable, arbitrary, or unconscionable.[2] Therefore, in custody modification cases, an appellate court must give the trial court the "utmost respect"[3]
because it has the best opportunity to gauge the credibility, attitude, and demeanor of each witness.[4]
R.C. 3109.04(E) controls modification of custody and provides, in pertinent part, that a trial court must not modify a prior custody decree unless it finds the following: 1) there has been a change in circumstances of the child; 2) a modification would be in the best interest of the child; and 3) the harm that would result from the change is outweighed by the benefits that will result from the change.[5] The parties, herein, agree that a sufficient change of circumstances has occurred since the original custody decree to warrant review of the remaining factors within R.C. 3109.04(E); as such, we will limit our discussion accordingly.
Our review begins with a determination of whether the trial court abused its discretion by finding that the change in circumstances did not necessitate a modification in order to serve the best interests of the child. R.C. 3109.04(F)(1) provides that when a trial court is deciding the best interests of the children, it shall consider all relevant factors, including, the following:
 (a) The wishes of the child's parents regarding the child's care;
 (b) If the court has interviewed the child in chambers * * * as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to the child's home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
The trial court diligently set forth an explanation concerning each of the aforementioned factors and concluded that the evidence did not support a finding that modification of the prior custody decree would be in the child's best interest. The trial court found that both parents basically desire to be designated the sole residential parent or, alternatively, wish to maintain a shared parenting arrangement but have the child remain with them subject to visitation with other. Both parents and the child also desire to maintain the child's attendance at his current school where he is more than adequately adjusted.
The evidence presented indicates that both parties are loving parents, which was buttressed by the child's inability to make an election during the court's in camera interview. Likewise, the child interacts well with both parents and their respective families, which, in the past, has lead to the child having the liberty to visit each parent at his leisure. The trial court also found that prior to the current dispute neither parent continuously or willfully denied visitation; however, both allege that recently the other parent has hindered visitation and has been uncooperative, which the court found and the record supports was attributable to both parents. Notably, however, at an informal family meeting, Appellant did attempt to force the youngest two children to choose him over Appellee in a manipulative manner, which the children refused to do and resulted in their becoming very upset. While the youngest child did primarily reside with Appellant for over a year, Appellee believed the arrangement to be temporary for the purpose of allowing her to care for her current husband who had a serious health problem. Additionally, the trial court reasoned that if such arrangements necessarily caused a change in custody, a parent would be reluctant to allow their child to reside with the other on a temporary basis for fear of losing custody.
The trial court's findings and our independent review of the record confirms that the trial court did not abuse its discretion by finding a lack of evidence that a change in the original custody decree was in the child's best interests, aside from altering Appellant's weekday visitation to weekend visitation. Moreover, because a change in custody requires the modification to be in the child's best interests, we decline to address whether the harm resulting from a change would be outweighed by the benefits that would result from a change.
For the aforementioned reasons, Appellant's assignment of error is, hereby, overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and HADLEY, JJ., concur.
[1] Masters v. Masters (1994), 69 Ohio St.3d 83, 85.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[3] Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
[4] Clark v. Smith (1998), 130 Ohio App.3d 648, 656-57, citingDavis v. Flickinger (1997), 77 Ohio St.3d 415, 418.
[5] R.C. 3109.04(E)(1)(a); Clark, 130 Ohio App.3d at 653; Thatcher v.Thatcher (Oct. 6, 1997), Mercer App. No. 10-97-08, unreported, citing Inre Kennedy (1994), 94 Ohio App.3d 414, 416-17.