OPINION
{¶ 1} Plaintiff-appellant Mark L. Klausing ("Klausing") brings this appeal from the judgment of the Court of Common Pleas of Van Wert County.
 {¶ 2} Klausing and defendant-appellee Julie Overholt ("Overholt") were divorced on April 1, 1991. At that time, Overholt was designated the residential parent of the parties two children Victoria (D.O.B. February 21, 1988) and Jennifer (D.O.B. June 1, 1990). Klausing was granted standard visitation rights.
 {¶ 3} On May 24, 2000, Klausing filed a motion for modification of residential parent status. The basis for the filing was that substantial changes had occurred and the girls now wished to spend equal time with both parents. Klausing submitted a shared parenting plan at that time. On July 10, 2000, Klausing moved for the trial court to appoint a guardian ad litem ("GAL"). The trial court granted that motion.
 {¶ 4} On December 13, 2000, the trial court entered a judgment that designated Klausing as the residential parent as of the Christmas visit in 2000. On January 1, 2001, the trial court ruled that Klausing would remain the residential parent and that Overholt would be given visitation. The basis for this ruling was that the court found Overholt to be attempting to alienate affections between the children and Klausing. Based upon the recommendations of the GAL, the trial court determined that a change of custody was appropriate. On January 29, 2001, the trial court modified its earlier order and ordered that the parties would exercise shared parenting with the children changing on a weekly basis. On May 3, 2001, Overholt filed a motion for shared parenting with a plan that mirrored the one temporarily implemented by the trial court. Klausing filed a shared parenting plan on December 26, 2001, that provided for a monthly exchange of children with liberal visitation for the nonresidential parent.
 {¶ 5} On December 27, 2001, a hearing was held on the motion for reallocation of parental rights. The trial court entered judgment on April 28, 2002. This entry denied all motions filed and returned the status of custody to that stated in the order prior to the divorce. Klausing filed an appeal of this judgment on May 23, 2002.
 {¶ 6} Klausing raises the following assignments of error.
 {¶ 7} "The trial court abused its discretion and its decision was against the manifest weight of the evidence when it found that there was not a change of circumstances that would warrant a modification of custody.
 {¶ 8} "The trial court abused its discretion and its decision was against the manifest weight of the evidence in not finding that it was in the best interest of the minor children that [Overholt's] shared parenting plan be incorporated."
 {¶ 9} Both assignments of error claim that the trial court's verdict was against the manifest weight of the evidence. In determining whether to modify custody, the trial court is guided by R.C. 3109.04, which provides as follows.
 {¶ 10} "(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child and one of the following applies:
 {¶ 11} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 {¶ 12} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 {¶ 13} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
 {¶ 14} "(b) One or both of the parents under a prior decree allocating parental rights and responsibilities for the care of children that is not a shared parenting decree may file a motion requesting that the prior decree be modified to give both parents shared rights and responsibilities for the care of the children. The motion shall include both a request for modification of the prior decree and a request for a shared parenting order that complies with division (G) of this section. Upon the filing of the motion, if the court determines that a modification of the prior decree is authorized under division (E)(1)(a) of this section, the court may modify the prior decree to grant a shared parenting order, provided that the court shall not modify the prior decree to grant a shared parenting order unless the court complies with division (A) and (D)(1) of this section and, in accordance with those divisions, approves the submitted shared parenting plan and determines that shared parenting would be in the best interest of the children.
 {¶ 15} "* * *
 {¶ 16} "(F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 17} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 18} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 19} "(c) The child's interaction and interrelationship with the child's parents, siblings and any other person who may significantly affect the child's best interest;
 {¶ 20} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 21} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 22} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 23} "* * *
 {¶ 24} "(2) In determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited to, the factors enumerated in division (F)(1) of this section, the factors enumerated in [R.C. 3119.23], and all of the following factors:
 {¶ 25} "(a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;
 {¶ 26} "(b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;
 {¶ 27} "* * *
 {¶ 28} "(e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem." R.C. 3109.04.
 {¶ 29} When deciding whether a modification of custody is appropriate, the trial court must determine three things: (1) Has there been a change of circumstances? (2) Is this modification in the best interest of the child? 3) Will the harm that will result from the change be outweighed by the benefits that will result from the change? In reKennedy (1994), 94 Ohio App.3d 414, 640 N.E.2d 1176. Unless the record supports an affirmative answer to each of these questions, the modification is not appropriate under R.C. 2109.04 and is contrary to law. Davis v. Flickinger (1997), 77 Ohio St.3d 415, 674 N.E.2d 1159.
 {¶ 30} In this case, the basis for the trial court's decision is unknown because Klausing failed to request findings of fact and conclusions of law from the trial court. Thus, our review is limited to determining if there is any evidence in the record to support the trial court's decision. This court notes that the record is filled with instances where the parents are unable to get along or cooperate with each other. Overholt was found to be interfering with visitation with the girls. Additionally, several allegations were raised by the guardian ad litem of reported instances where Overholt did everything she could to distance the children from the girls. These actions included telling the children that their father really did not love them, refusing to allow the children to phone him, refusing calls from him, attempting to interfere with visitations, telling Klausing that the girls were sick when they were not, and not passing on notices of school events among other things. However, Klausing may not be innocent of all wrong doing. He allegedly put a phone block on his phone so that Overholt's calls would not ring into his home, failed to pass on notice of school events that came while the girls were in his home, and failed to take the girls to activities in which their mother had enrolled them. Given the failure of the parents to behave civilly to each other, the trial court was permitted by R.C. 3109.04(F) to determine that shared parenting would not be in the best interest of the children. Thus, the trial court did not abuse its discretion in overruling the motions for shared parenting. The assignments of error are overruled.
 {¶ 31} The judgment of the Court of Common Pleas of Van Wert County is affirmed.
Judgment affirmed.
 SHAW, P.J., and HADLEY, J., concur.